# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2023

Lyle W. Cayce
Clerk

No. 22-10253

United States of America,

*Plaintiff—Appellee,*

*versus*

Dylan Gregory Kerstetter,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-35-1

Before Smith, Southwick, and Higginson, *Circuit Judges.*

Per Curiam:

Dylan Gregory Kerstetter pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that a sentencing enhancement that requires certain prior convictions be for offenses committed on different occasions could not be applied unless the facts supporting it were charged in the indictment and admitted by the accused or proved to a jury. He also argues that his prior convictions did not qualify for the enhancement.

We AFFIRM.

No. 22-10253

## Factual and Procedural Background

In 2019, Dylan Kerstetter was stopped by police in Dallas, Texas, because his vehicle allegedly had false license plates. One thing led to another. First, an officer saw a bag of suspected methamphetamine on the floorboard of the car. A later search discovered more illegal drugs. Finally, officers found two firearms, one in the car's console and the other in a backpack sitting on the back seat.

In January 2020, a federal grand jury indicted Kerstetter for being a felon in possession of a firearm, violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Later that year, Kerstetter stipulated that he was guilty of being a felon in possession. In a footnote in the stipulation, he acknowledged that current law would allow his sentence to be enhanced due to prior felonies, but he argued that this law denied him due process because the facts relevant to the enhancement needed to be in the indictment and then proven beyond a reasonable doubt.

In February 2021, Kerstetter pled guilty. His counsel challenged some of the presentence report's recommendations. The parties dispute here whether he sufficiently presented his due process argument in district court by referring to it in a footnote in the just-mentioned stipulation, a dispute that affects the standard of review. We will discuss that later.

The district court imposed a sentence of 190 months of imprisonment. This sentence reflected the court's application of the sentencing enhancement under the Armed Career Criminal Act ("ACCA"), which applies when a Section 922(g) offender has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Kerstetter timely appealed.

No. 22-10253

## DISCUSSION

Each of Kerstetter's arguments challenges the district court's decision to sentence him as an armed career criminal under Section 924(e). The district court had to find that Kerstetter had the proper number of prior convictions for the proper category of crimes and find that they were committed separately from each other. § 924(e).

Kerstetter does not dispute the existence of the following convictions, all of which were identified in his presentence report: (1) 1993 guilty-plea conviction for unlawful delivery of less than 28 grams of cocaine; (2) June 2008 guilty-plea conviction for burglary of a building; (3) August 2008 guilty-plea conviction for burglary of a building; and (4) 2013 guilty-plea conviction for delivery of less than one gram of methamphetamine.

This court reviews a preserved legal challenge to an ACCA-enhanced sentence *de novo*. *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006). However, unpreserved challenges to the application of the ACCA are reviewed only for plain error. *United States v. Davis*, 487 F.3d 282, 284 (5th Cir. 2007).

### 1. *Need for prior offenses to be charged in indictment and proven to jury*

Kerstetter argues that the ACCA enhancement violated his constitutional rights because the facts establishing that he committed his previous qualifying offenses on different occasions were not charged in the indictment nor were they admitted by him or proved to a jury. We have mentioned already that the Government argues that this issue should be reviewed only for plain error, as Kerstetter presented the issue in district court only by discussing it in a footnote in his factual resume. We need not address the sufficiency of that presentation, as this court has recently and definitively resolved the issue being raised.

No. 22-10253

The argument that the indictment must allege, and evidence at trial must prove, the facts of the commission of qualifying offenses on different occasions has long been rejected by this court. *See Davis*, 487 F.3d at 287–88; *see also White*, 465 F.3d at 254. What is new, according to Kerstetter, was the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). There, the Court specifically declined to address whether "a jury, rather than a judge, [must] resolve whether prior crimes occurred on a single occasion." *Id.* at 1068 n.3.

To end the argument for now in this court, a recent decision held that *Wooden* is "not directly on point" to this issue and does not "alter the binding nature" of *Davis* and *White*. *United States v. Valencia,* 66 F.4th 1032, 1033 (5th Cir. 2023) (quoting *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)). Our prior caselaw continues in full force, and we reject Kerstetter's argument.

### *2. Need for prior convictions to be violent felonies*

In his other two issues, Kerstetter argues that the district court erred in applying the ACCA enhancement because his prior convictions were not violent felonies or serious drug offenses for purposes of Section 924(e). We review these issues *de novo*. *See United States v. Prentice*, 956 F.3d 295, 298 (5th Cir. 2020).

Two of Kerstetter's prior convictions were for the Texas offense of burglary of a building. It has been settled that convictions for Texas burglary qualify as violent felonies under the ACCA. *Id.* at 298; *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc). The test we have applied is that a defendant needs to show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *Herrold*, 941 F.3d at 179 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

4

Yet again, though, Kerstetter argues that a recent Supreme Court decision has abrogated our existing law. *See United States v. Taylor*, 142 S. Ct. 2015 (2022). Yet again, another precedential opinion of this court has applied our prior caselaw after the relevant Supreme Court decision was issued. *See Ponce v. Garland*, 70 F.4th 296 (5th Cir. 2023).

It is true that the *Ponce* court did not discuss *Taylor*. That makes sense because in *Taylor*, the Court compared two *federal* statutes and analyzed whether the elements of one aligned with the elements of the other. *Taylor*, 142 S. Ct. at 2018–19. The Court distinguished *Duenas-Alvarez*, first by saying that the federalism concerns involved when comparing state offenses with federal sentencing enhancements made it reasonable "to consult how a state court would interpret its own State's law." *Id.* at 2025. "Second, in *Duenas-Alvarez* the elements of the relevant state and federal offenses clearly overlapped and the only question the Court faced was whether state courts also 'appl[ied] the statute in [a] special (nongeneric) manner.'" *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193) (emphasis omitted). The Court closed with stating that "nothing in *Duenas-Alvarez* suggests otherwise," *i.e.*, suggests that an opinion discussing how to compare state and federal statutes affects how to compare two federal statutes. *Id.* We reverse the point being made and hold that nothing in *Taylor* affects how to compare a state statute of conviction with a federal enhancement.

We turn now to Kerstetter's two prior convictions for delivery of a controlled substance under Texas Health and Safety Code § 481.112(a). Though we have long held that a Texas conviction for delivery of a controlled substance is a serious drug offense for purposes of an ACCA enhancement, *United States v. Cain*, 877 F.3d 562, 562–63 (5th Cir. 2017); *United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008), Kerstetter nevertheless argues that, in two respects, Section 481.112(a) sweeps too broadly to be a serious drug offense as defined at 18 U.S.C. § 924(e)(2)(A)(ii).

No. 22-10253

First, Kerstetter contends that Section 481.112(a) is overbroad because the delivery of a controlled substance includes an offer to sell, meaning a person can be convicted for a fraudulent offer to sell. He maintains that the Supreme Court in *Shular v. United States*, 140 S. Ct. 779 (2020), recently interpreted the reach of Section 924(e)(2)(A)(ii) much more narrowly than this court did in *Vickers*. However, in *United States v. Clark*, 49 F.4th 889, 893 (5th Cir. 2022), we rejected the argument Kerstetter makes here.

Second, Kerstetter maintains that Section 481.112(a) is overbroad because the list of substances it covers includes at least one that is not covered by the Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE § 481.102. We have recognized in the immigration context that Section 481.102 sweeps more broadly than its federal counterpart by defining the term cocaine to include the position isomers of cocaine. *Alexis v. Barr*, 960 F.3d 722, 726–27 (5th Cir. 2020). Even so, to avoid the ACCA enhancement, Kerstetter had to show "a realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Duenas-Alvarez*, 549 U.S. at 193; *Herrold*, 941 F.3d at 179. Kerstetter did not meet that test because he did not identify any actual cases where Texas brought charges against someone under Section 481.112(a) for delivery of position isomers of cocaine.

AFFIRMED.