# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60118

———————

SABINO ZUNIGA-AYALA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A074 370 720

———————————————————————

Before RICHMAN, *Chief Judge*, and GRAVES and WILSON, *Circuit Judges*.

PER CURIAM:[*]

An immigration judge found Sabino Zuniga-Ayala removable from the United States due to his Texas conviction for delivery of less than one gram of cocaine. The Board of Immigration Appeals dismissed Zuniga-Ayala's appeal. He now petitions this court for review of that dismissal, arguing that

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

his conviction did not render him removable. We disagree and DENY his petition.

## I. BACKGROUND

Zuniga-Ayala is a lawful permanent resident born in Mexico and admitted to the United States in 1996. In 2022, he was convicted of delivery of less than one gram of cocaine in violation of Texas Health & Safety Code § 481.112(b). Less than a month later, he was served a notice to appear for removal proceedings. The notice charged him with removability under 8 U.S.C. § 1227(a)(2)(B)(i), which requires removal of a lawfully admitted non-citizen who "has been convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance (as defined in [the federal Controlled Substances Act])[.]"

At Zuniga-Ayala's first removal hearing, he admitted to the conviction but argued that it did not subject him to removal because Texas criminalizes a broader range of cocaine-related offenses than corresponding federal law. The immigration judge ("IJ") found Zuniga-Ayala removable but granted him a month to apply for cancelation or for withholding of removal based on his overbreadth argument. At the next hearing, however, Zuniga-Ayala's attorney failed to present an application. The IJ rescheduled the hearing; again, Zuniga-Ayala failed to apply for relief. The IJ ordered Zuniga-Ayala removed from the United States.

Zuniga-Ayala appealed to the Board of Immigration Appeals ("BIA"). He again argued that "Texas' definition of cocaine is broader than the federal definition" because it includes position isomers of cocaine and the federal Controlled Substances Act does not. Thus, he argued, his conviction did not satisfy the criteria for removability under 8 U.S.C. § 1227(a)(2)(B)(i). To show that Texas actually prosecutes for possession/delivery of position isomers of cocaine, he submitted three sets

of Texas criminal judgment documents. The documents pertained to defendants who were convicted under Texas law for possession of a controlled substance. Each set included the defendants' confessions, wherein each defendant confessed to having possessed position isomers.

Two of the three confessions concerned the same defendant and showed that the typed word "cocaine" had been crossed out and "cocaine position isomers" had been written in by hand. In the third confession, concerning a second defendant, the words "cocaine position isomers" were typed out; on a separate page titled "Admonishment," someone had handwritten: "[B]y accepting this plea, client may remain eligible to request relief if an attorney in immigration court argues that this offense is not a controlled substance offense."

The BIA construed Zuniga-Ayala's submission of the documents as a motion to remand to the IJ to present new evidence. The BIA declined to remand and dismissed Zuniga-Ayala's appeal. It concluded that the documents would not make a difference in Zuniga-Ayala's case because they did not demonstrate a realistic probability that Texas actually prosecutes for possession of position isomers. Specifically, the BIA concluded, the evidence "does not show that Texas prosecuted three cases for possession of cocaine position isomers in 2019 and 2020, but rather the way the defendants chose to enter their guilty plea." Zuniga-Ayala petitioned our court for review.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review whether a petitioner's status makes him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). We review such questions of law de novo. *Ponce v. Garland*, 70 F.4th 296, 299 (5th Cir. 2023).

## III. DISCUSSION

**a. The realistic probability standard**

Zuniga-Ayala first challenges the standard applied in this circuit for determining whether a drug offense subjects the offender to removal under 8 U.S.C. § 1227(a)(2)(B)(i). As stated above, Section 1227(a)(2)(B)(i) requires the removal of a lawfully admitted person who "has been convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance (as defined in [the federal Controlled Substances Act])." To determine whether a state offense "relat[es] to" an offense under the Controlled Substances Act, we consider whether the state defines the offense in a way that is the same as federal law, or whether the state's definition is broader. *Alexis v. Barr*, 960 F.3d 722, 726 (5th Cir. 2020). Even if the state's definition is broader on its face, we then look to see whether there is a realistic probability that the state would actually prosecute for the broader conduct—that is, conduct falling within the state law but outside the Controlled Substances Act. *Id.* To make that realistic probability showing, a petitioner must "point to his own case or other cases in which the state courts in fact did apply the statute in the [broader] manner." *Id.* at 727 (quoting *Vazquez v. Sessions*, 885 F.3d 862, 873 (5th Cir. 2018)).

We have already determined that Texas law on its face defines cocaine more broadly than federal law because it includes position isomers. *Id.* at 726. Thus, for Zuniga-Ayala to show that a Texas prosecution for delivery of cocaine is not an offense that subjects him to removal under Section 1227(a)(2)(B)(i), he must point to an actual case where Texas prosecuted someone specifically for delivery of cocaine position isomers.

First, however, he argues that this actual case requirement is not consistent with Supreme Court precedent. He argues that the Supreme Court has never required an actual case when a state statute on its face criminalizes more conduct than federal law.

To accept Zuniga-Ayala's argument would be to ignore binding circuit precedent, such as our en banc decision in *United States v. Castillo-Rivera*, where we emphasized that "[t]here is no exception to the actual case requirement . . . where a court concludes a state statute is broader on its face." 853 F.3d 218, 223 (5th Cir. 2017) (en banc). Zuniga-Ayala argues that the Supreme Court's recent decision in *United States v. Taylor*, 596 U.S. 845 (2022), foreclosed the actual case requirement, but we have rejected that argument already, most recently in *United States v. Kerstetter*, 82 F.4th 437, 441 (5th Cir. 2023). Our rule of orderliness requires us to follow those decisions. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Zuniga-Ayala must point to an actual Texas case involving position isomers.

### b. Three confessions

Next, Zuniga-Ayala argues that he satisfied the actual case requirement before the BIA when he pointed to three criminal judgments involving defendants who confessed to possessing position isomers. The BIA rejected that argument because the confessions did not show that the defendants were prosecuted for possessing position isomers—only that the defendants admitted to doing so. We agree.

*Kerstetter*—a decision that postdated the parties' briefing in this case—lends support to the BIA's conclusion. There, the appellant challenged the district court's application of a sentencing enhancement, under the Armed Career Criminal Act ("ACCA"), that applies to prior convictions for "serious drug offense[s]." *Kerstetter*, 82 F.4th at 439. The appellant had a prior Texas conviction for delivering cocaine under Texas Health & Safety Code § 481.112(a). *Id.* at 441. Even though *Kerstetter* arose in the criminal context instead of the immigration context, the question of whether the appellant's conviction subjected him to the ACCA enhancement depended on whether, under the same realistic probability standard, the state

offense of which he was convicted was broader than the analogous offense under the Controlled Substances Act. *Id.* at 440.

The appellant, the record in *Kerstetter* reveals, relied on two of the same sets of documents that Zuniga-Ayala relies on here to argue that there was a realistic probability that Texas would prosecute a Section 481.112 offense based on position isomers. *Id.* at 441. We concluded that the appellant failed to satisfy the realistic probability standard because he "did not identify any actual cases *where Texas brought charges against someone* under Section 481.112(a) for delivery of position isomers of cocaine." *Id.* (emphasis added).

Here, Zuniga-Ayala's evidence only shows that Texas defendants have confessed to possessing position isomers. It does not, on its own, indicate that those defendants were *prosecuted* for possessing position isomers. Nor did Zuniga-Ayala provide any other evidence, such as charging documents, that would allow that conclusion.[1]

Zuniga-Ayala argues that cases such as *Monsonyem v. Garland* indicate that we would allow judicial confessions to satisfy the reasonable probability standard. 36 F.4th 639 (5th Cir. 2022). But *Monsonyem* is inapposite. When we looked at a confession in that case, which also concerned removability, we viewed it as one piece of evidence among others we used to determine whether a criminal statute was divisible into separate offenses. *Id.* at 644–45. Here, the inquiry is not whether Texas Health & Safety Code § 481.112(b) is

---

[1] Nor do we doubt that such evidence is difficult to come by. As we have explained, Texas simply does not charge cocaine offenses in that manner. *Alexis*, 960 F.3d at 728 ("[A] Texas 'indictment need only allege the name of the substance; it need not go further and describe the offense as a salt, isomer, or any other qualifying definition.'") (quoting Michael B. Charlton, Tex. Prac., Texas Criminal Law, *Controlled Substances* § 30.1 (2019)).

divisible, but whether Texas actually prosecutes certain offenses that Section 481.112(b) ostensibly criminalizes.

In sum, Zuniga-Ayala failed to show that Texas "brought charges against someone . . . for delivery of position isomers of cocaine." *Kerstetter*, 82 F.4th at 441. The BIA did not err in dismissing his appeal.

## IV. CONCLUSION

We DENY the petition for review.