# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2021

Lyle W. Cayce
Clerk

No. 20-50609

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BALTAZAR AGUIRRE-RIVERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-926-2

Before WIENER, ELROD, and HIGGINSON, *Circuit Judges*.
JENNIFER WALKER ELROD, *Circuit Judge*:

Baltazar Aguirre-Rivera was charged with conspiring to possess with intent to distribute one kilogram or more of heroin. The jury found him guilty, but it also specifically found that Aguirre-Rivera did not know that the conspiracy involved one kilogram or more of heroin. He moved for judgment of acquittal, which the district court denied. The district court then sentenced Aguirre-Rivera using an incorrect statutory provision. Aguirre-Rivera objected to this sentence and now appeals both the denial of his motion for judgment of acquittal and his sentence. We AFFIRM the district

No. 20-50609

court's denial of Aguirre-Rivera's motion for judgment of acquittal, VACATE his sentence, and REMAND for resentencing.

I.

Baltazar Aguirre-Rivera was charged with one count of conspiracy to possess with intent to distribute at least one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846. At the end of Aguirre-Rivera's trial, the district court instructed the jury that it could find Aguirre-Rivera guilty only if the government had proven beyond a reasonable doubt: (1) "that two or more persons directly, or indirectly, reached an agreement to possess heroin with intent to distribute the same"; (2) "that the Defendant knew of the unlawful purpose of the agreement"; (3) "that the Defendant joined in the agreement willfully, that is with the intent to further its unlawful purpose"; (4) "that the overall scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin"; and (5) "that the Defendant knew, or reasonably should have known, that the scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin."

The district court then provided the jury with a verdict form containing three questions. The first question asked for a general verdict of "Guilty" or "Not Guilty," to which the jury responded "Guilty." The second question asked, "Do you find beyond a reasonable doubt that the overall scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin?" The jury responded, "Yes." The final question asked, "Do you find beyond a reasonable doubt that the defendant knew or reasonably should have known that the scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin?" The jury answered, "No."

No. 20-50609

Aguirre-Rivera moved for judgment of acquittal on the basis that the jury's answer to the second special interrogatory contradicted, and therefore undermined, its general verdict of guilty. The district court denied his motion because, although the jury's answer to the second special interrogatory "undermine[d] the fifth element of the jury charge, [it did] not negate an essential element of the jury's finding of guilt."

When the time for sentencing approached, the presentence investigation report (PSR) erroneously stated that Aguirre-Rivera's offense was "Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846—an offense that carries a statutory minimum of five years of imprisonment and a minimum supervised release of four years. Using the Sentencing Guidelines, the probation officer preparing the PSR calculated Aguirre-Rivera's total offense level to be 32 based on his criminal history and the amount of heroin involved, resulting in a recommended range of 151 to 188 months of imprisonment.

Aguirre-Rivera objected to the PSR, contending that: (1) the special interrogatory contradicted the general verdict, meaning he was not guilty of any offense; and (2) even if he were properly convicted, the jury did not make any findings about the amount of heroin for which he was accountable, meaning that the PSR had relied on the incorrect statutory enhancement provision and had provided an erroneous mandatory minimum recommendation. He also disputed the PSR's recommended offense level under the Sentencing Guidelines and its refusal to account for reductions based on acceptance of responsibility and his minor role in the conspiracy.

The district court adopted the PSR with minor modifications to the Guidelines sentencing range but not the statutory sentencing range. And at Aguirre-Rivera's sentencing hearing, the district court reiterated that Aguirre-Rivera was "convicted of the offense of conspiracy to possess heroin

No. 20-50609

with the intent to distribute, the weight of which was 100 grams or more." The court overruled Aguirre-Rivera's objections to the base offense level, adopted the PSR's recommended base level of 32, and granted a minor role reduction, resulting in an offense level of 28 and a Guidelines range of 97 to 121 months. The court ultimately granted a downward variance, sentencing Aguirre-Rivera to 60 months of imprisonment, followed by three years of supervised release, and a $100 assessment. Aguirre-Rivera objected at that time, and he now appeals both the denial of his motion for judgment of acquittal and his sentence.

## II.

Aguirre-Rivera first challenges the district court's denial of his motion for judgment of acquittal. He contends that the jury's answer to the second special interrogatory, which found that he neither knew nor should have known that the conspiracy involved one kilogram or more of heroin, directly contradicted the fifth element of the jury charge. According to him, this contradiction undermined one of the elements that was necessary to support his conviction under the statute, and therefore it also undermined the guilty verdict altogether.

We review the denial of a motion for judgment of acquittal *de novo*. *United States v. Buluc*, 930 F.3d 383, 387 (5th Cir.), *cert. denied*, 140 S. Ct. 544 (2019). "Courts consistently vacate convictions when the answers to special interrogatories undermine a finding of guilt the jury made on the general question." *United States v. Gonzales*, 841 F.3d 339, 348 (5th Cir. 2016). If the jury's answer to the second special interrogatory did undermine an essential element of the charged offense, then the district court should have granted Aguirre-Rivera's motion for judgment of acquittal. *See id.* Our task, then, is to determine whether the jury's answer to the special interrogatory

4

undermined an essential element of Aguirre-Rivera's conviction. We think not.

Section 841(a)(1) makes it unlawful to "possess with intent to . . . distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Section 841(b) lists the penalties associated with violations of § 841(a). Penalties are scaled according to the amount of a given drug involved in a violation of § 841(a), meaning that violations involving larger quantities of drugs lead to higher sentences.[1] *See id.* § 841(b). Section 846 subjects "[a]ny person who attempts or conspires to commit any offense defined in this subchapter . . . to the same penalties as those prescribed for the offense." *Id.* § 846. Thus, conspiracies involving larger quantities of drugs also lead to higher sentences.

We have explained that "[t]he essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). That is all that the government needs to prove to sustain a drug conspiracy conviction under 21 U.S.C. §§ 841(a)(1) and 846.

However, when the government seeks an enhanced sentence based on § 841(b), "the [drug] quantity must be stated in the indictment and submitted to the [fact finder] for a finding of proof beyond a reasonable

---

[1] In a case where a violation involved "1 kilogram or more of a mixture or substance containing a detectable amount of heroin," the statute provides a sentence ranging from ten years to life. 21 U.S.C. § 841(b)(1)(A). For 100 grams or more, the sentence ranges from five years to forty. *Id.* § 841(b)(1)(B). Anything less carries a sentence of between zero and twenty years as long as death or serious bodily injury do not result from the use of such substance. *Id.* § 841(b)(1)(C).

doubt." *United States v. Daniels*, 723 F.3d 562, 570 (5th Cir.) (quoting *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000)), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013). This finding is required because a conviction based on a particular amount increases the mandatory minimum sentence under § 841(b), and "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 103 (2013); *accord United States v. Haines*, 803 F.3d 713, 738–39 (5th Cir. 2015).

Aguirre-Rivera insists that the Supreme Court's decision in *Alleyne* requires acquittal here. The Court explained in that case that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Alleyne*, 570 U.S. at 114–15. Aguirre-Rivera's argument is as follows: The amount of drugs involved in a conspiracy affects the statutory range of punishment. *See* 21 U.S.C. § 841(b). So, the drug quantity must "necessarily form[] a constituent part" of the offense with which Aguirre-Rivera was charged—conspiracy to possess with intent to distribute *one kilogram or more* of heroin. *Alleyne*, 570 U.S. at 114. If the government failed to prove the amount of heroin involved, then it failed to prove an essential element of the offense as charged.

Although this argument has some intuitive force, we are bound by our post-*Alleyne* precedent holding otherwise in this context. In *United States v. Daniels*, we held that "where a defendant may be subject to enhanced statutory penalties because of drug quantity or type, the requisite fourth 'element' under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] is not a formal element of the conspiracy offense." 723 F.3d at 573. Accordingly, "the Government's failure to prove the [drug] quantity does not undermine the conviction. Rather, it only affects the sentence." *Id.* at 572. Under *Daniels*, if the government successfully proves the three elements required to sustain

a drug conspiracy conviction but fails to prove the drug quantity, that does not undermine the drug conspiracy conviction as a whole.  It simply affects the sentence that can be imposed, meaning that a defendant in such a case cannot be subject to a statutorily enhanced punishment based on the quantity of drugs involved in the conspiracy.

Following *Daniels*, we have recently reaffirmed this holding in unpublished decisions, explaining that "drug quantity and type are not 'formal' elements of a conspiracy or a possession offense; any failure by the Government to prove quantity and type affects only the statutorily prescribed sentence that the court may or must impose under § 841(b)." *United States v. Michaelis*, No. 20-50553, 2021 WL 2772839, at *3 (5th Cir. June 30, 2021) (citing *Daniels*, 723 F.3d at 572–74); *see also United States v. Longoria-Nunez*, 782 F. App'x 360, 361 (5th Cir. 2019) (first citing *Daniels*, 723 F.3d at 570–72; and then citing *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699–700 (5th Cir. 2003)) (explaining that special interrogatories regarding drug quantity were "directed to sentencing issues" and "did not concern the validity of [the defendant's] convictions").

In this case, because the drug quantity is not a formal element of the conspiracy offense, the jury's answer to the second special interrogatory negated only the sentencing enhancement under § 841(b), not the general guilty verdict.  The jury specifically found that the government had proven the existence of a conspiracy involving one kilogram or more of heroin and that Aguirre-Rivera was a participant in that conspiracy.  But the jury then concluded that the government had not proven beyond a reasonable doubt that Aguirre-Rivera "knew or reasonably should have known that the scope of the conspiracy involved at least one kilogram or more of a mixture or substance containing a detectable amount of heroin."  This finding speaks only to the amount of drugs for which Aguirre-Rivera could be held responsible—the drug quantity.  Under *Daniels*, this affected only "the

sentence that the district court [could have] impose[d]." *Daniels*, 723 F.3d at 573. Because the jury's general guilty verdict was untouched, the district court did not err in denying Aguirre-Rivera's motion for judgment of acquittal.

## III.

Aguirre-Rivera also contests the constitutionality of his sentence. He argues that the district court improperly subjected him to a mandatory minimum sentence that was unsupported by the facts as found by the jury. We review this challenge *de novo* as well. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014).

Although Aguirre-Rivera's conviction was not affected by the jury's answer to the second special interrogatory, his sentence most certainly was. The Supreme Court has held "that factual determinations that increase maximum or minimum sentences, other than a prior conviction, must be found by a jury beyond a reasonable doubt." *Haines*, 803 F.3d at 738 (first citing *Apprendi*, 530 U.S. at 490; and then citing *Alleyne*, 570 U.S. at 107). "Because the quantity of heroin involved" in a drug conspiracy case can affect a defendant's "minimum sentence[] under § 841, it must be found by a jury." *Id.* In this case the jury's answer to the second special interrogatory negated any enhancements under § 841(b). Therefore, Aguirre-Rivera could not be subject to any mandatory minimum. He should have been sentenced under § 841(b)(1)(C), which gives the sentencing range for drug conspiracy violations not subject to additional enhancements under § 841(b)(1)(A), (B), or (D).

In spite of this, the PSR incorrectly stated that Aguirre-Rivera had been convicted of "Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. This carries a mandatory minimum of five years of imprisonment

and four years of supervised release. 21 U.S.C. § 841(b)(1)(B). The district court accepted this error, adopting the PSR and reiterating at Aguirre-Rivera's sentencing hearing that he was "convicted of the offense of conspiracy to possess heroin with the intent to distribute, the weight of which was 100 grams or more." The court then proceeded to sentence Aguirre-Rivera to 60 months in prison and three years of supervised release—a sentence coinciding almost exactly with the mandatory minimum under § 841(b)(1)(B). Aguirre-Rivera argues that in doing so, the district court unconstitutionally relied on the inapplicable mandatory minimum set forth in § 841(b)(1)(B).

We agree that the district court improperly relied on an incorrect mandatory minimum. Aguirre-Rivera was not subject to any mandatory minimum because of the jury's answer to the second special interrogatory. Yet the district court imposed a sentence that matches the mandatory minimum in § 841(b)(1)(B) almost exactly. Not only was this sentence based on the wrong statutory provision (Aguirre-Rivera was originally charged with an enhancement under § 841(b)(1)(A), not § 841(b)(1)(B)), but it also relied on facts not found by the jury. This was constitutional error.

We typically vacate such sentences and remand for resentencing "unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." *United States v. Pineiro*, 410 F.3d 282, 284 (5th Cir. 2005) (quoting *United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005)). An error may be harmless "if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010). "The government bears the burden of showing that the error was harmless beyond a reasonable doubt." *Pineiro*, 410 F.3d at 285. "Thus, to show harmlessness, the

government must demonstrate beyond a reasonable doubt that the . . . error did not affect the sentence that the defendant received." *Id.*

Here, the government insists that the error was harmless because the district court would have given the same sentence regardless of any constitutional error.  At sentencing, the district court stated: "In the event that I am incorrect about [the sentencing range], and assuming that any correction would still include and cover a sentence of 60 months . . . the Court still believes a sentence of 60 months will be sufficient but not greater than required."  Based on this statement, the government concludes that the district court would have imposed the same sentence regardless of the mandatory minimum "absent some legal prohibition."  Since 60 months is still within the statutory range for a basic drug conspiracy offense, there would be nothing prohibiting the district court from imposing the same sentence again.

But this argument ignores what the district court said in the very next sentence.  The court clarified that "[i]f it turns out that [Aguirre-Rivera's] lawyers are correct, and if we have lower guidelines, I would be the first to be happy to revisit the case in order to make a correction to any mistake that this may have resulted in."  Given that the district court expressed willingness to revisit the case and correct any errors inherent in Aguirre-Rivera's sentence, we cannot say that the government has carried its burden of demonstrating beyond a reasonable doubt that the district court would have imposed the same sentence regardless of any error.

\*        \*        \*

We therefore AFFIRM the district court's denial of Aguirre-Rivera's motion for judgment of acquittal, VACATE his sentence, and REMAND for resentencing.