# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

No. 21-50661
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Moreno,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-18-2

_____

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Following a jury trial, Michael Moreno was convicted of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine (count one), possession with intent to distribute 50 grams or more of actual methamphetamine (count two), possession with intent to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

distribute a quantity of fentanyl (count three), possession of a firearm in furtherance of a drug trafficking crime (count four), and possession of a firearm by a felon (count six). The district court sentenced him to (1) concurrent terms of imprisonment of 293 months on counts one and two, 240 months on count three, and 120 months on count six; (2) a consecutive 60-month term of imprisonment on count four; and (3) an aggregate term of 5 years of supervised release. The sentence was within the calculated guidelines range, which was based on the probation officer's determination that Moreno was accountable for at least two pounds of actual methamphetamine and 132.5 grams of fentanyl.

On appeal, Moreno makes two arguments. First, Moreno argues that the evidence was insufficient to support his methamphetamine convictions (counts one and two) because the Government failed to prove beyond a reasonable doubt an essential element of the offense: the purity or concentration of the substance seized. Because he preserved this challenge, we review it de novo. *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

To prove a drug conspiracy under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256–57 (5th Cir. 2006). To prove possession with intent to distribute under 21 U.S.C. § 841(a)(1), the Government must prove beyond a reasonable doubt: (1) knowledge, (2) possession, and (3) intent to distribute the controlled substances. *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). Here, the Government failed to prove the particular drug type and quantity, but that failure does not undermine Moreno's convictions under § 841(a)(1) and § 846. That is because "drug quantity and type are not formal elements of" these offenses.

No. 21-50661

*United States v. Aguirre-Rivera*, 8 F.4th 405, 411 (5th Cir. 2021) (internal quotation marks omitted). Instead, "any failure by the Government to prove quantity and type affects only the statutorily prescribed sentence that the court may or must impose." *Ibid.* (internal quotation marks omitted). We therefore affirm Moreno's convictions.

Second, Moreno requests we vacate his sentences on counts one, two, and three and remand for resentencing because the sentences were based on the wrong statute and guidelines range. Specifically, he argues that his sentence exceeds the statutory maximum and that the sentencing judge miscalculated the guidelines range. Because Moreno failed to make these objections in the district court, we review these sentencing issues for plain error. *See United States v. Suarez*, 879 F.3d 626, 635 (5th Cir. 2018); *United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

As to Moreno's statutory-maximum argument, the Government concedes that all four prongs of the plain-error standard are met regarding counts one and two. And, after independently reviewing the record and the applicable law, we have no reason to doubt the Government's concession.

Moreno's guidelines-based challenge, however, fails the plain-error standard. The Government generally must establish the relevant drug quantity by a preponderance of the evidence. *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005). In determining drug quantities and purities for sentencing purposes, the district court may rely on any relevant evidence that "'has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (quoting U.S.S.G. § 6A1.3(a), p.s.). The information in the presentence report (PSR) generally is presumed to be reliable. *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).

Here, Moreno did not present any evidence to rebut the PSR's findings, and the sentencing judge adopted the PSR without change. *See United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Even more, the drug quantity was based in part on a Drug Enforcement Administration laboratory report—indicating that the tested substance was methamphetamine with 100% purity. While no lab report with the purity findings was presented at trial, the drug-quantity calculation may be based on reliable evidence without regard to its admissibility under the rules of evidence. *See* U.S.S.G. § 6A1.3, p.s.; *Gomez-Alvarez*, 781 F.3d at 796; *see also United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019). On appeal, Moreno has not contested that the lab report is reliable evidence. *See, e.g.*, *Cutrer v. Tarrant Cnty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 268 n.2 (5th Cir. 2019) (explaining that arguments not raised on appeal are forfeited); *United States ex rel. Drummond v. BestCare Lab'y Servs., LLC*, 950 F.3d 277, 284 (5th Cir. 2020). Thus, Moreno has failed to show that the district court committed a clear or obvious error in calculating the amount of converted drug weight. *See Puckett*, 556 U.S. at 135.

We have considered Moreno's other arguments and find them unpersuasive. We AFFIRM IN PART, VACATE IN PART, and REMAND for resentencing consistent with this opinion as to counts one and two.