# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-30397

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVIS ENNIS,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 23-30570

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM CAIN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:22-CR-18-2, 2:22-CR-18-1

———————————————————————

Before JONES, SMITH, and HO, *Circuit Judges*.

PER CURIAM:[*]

Davis Ennis and William Cain pleaded guilty of conspiring to distribute and possess with intent to distribute methamphetamine ("meth"). On appeal, each challenges his 120-month mandatory-minimum sentence.

## I.

Ennis and Cain were charged with, *inter alia*, conspiracy to distribute and possess with intent to distribute "five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers," in violation of 21 U.S.C. §§ 846, 841(a)(1). Both pleaded guilty.

Their plea agreements each set forth, *inter alia*, that the statutory sentencing range for the offense of conviction was ten years to life per § 841(b)(1)(A).[1] Additionally, each defendant entered stipulations providing a factual basis for his respective plea.[2]

In those stipulations, each acknowledged that (1) he, along with others, reached an agreement to distribute and possess with intent to distribute meth, (2) he knew the unlawful purpose of the agreement, and (3) he joined in the agreement willfully, and (4) "the overall scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of the methamphetamine, its salts, isomers, or salts of its isomers."

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Title 28 U.S.C. § 841(b)(1)(A) provides, as relevant here, that the term of imprisonment for "a violation . . . involving . . . 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers . . . may not be less than 10 years or more than life."

[2] No other facts were presented in support of the guilty pleas.

23-30397
c/w No. 23-30570

Unique to Ennis's stipulation, however, is his acknowledging that "he knew or reasonably should have known that the scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers."

Additionally, the parties in Ennis's stipulation agreed that the quantity of drugs "attributable to [Ennis] [was] at least 350 grams but less than 500 grams of [a] substance containing a detectable amount of methamphetamine." Similarly, Cain's stipulation included the parties' agreement that "it is reasonably foreseeable for [Cain] to be held accountable for, and the amount that is attributable to [him], at least 200 grams but less than 350 grams of a mixture or substance containing a detectable amount of methamphetamine (USSG 2D1.1 base offense level 26)."

## II.

The PSR assigned Ennis and Cain total offense levels of 27 and 25, respectively. The recommended sentence for both was 120 months because of the statutory minimum for the offense of conviction. Absent the statutory minimum, however, the Guidelines-recommended sentence would have been 87 to 108 months imprisonment for Ennis and 70 to 87 months for Cain.

Ennis and Cain objected to their PSRs, asserting, as relevant here, that the statutory-minimum sentence was inapplicable. Pointing to their respective stipulations, each defendant contended that he should be sentenced based upon only the quantity attributable to him personally, per *United States v. Haines*, 803 F.3d 713 (5th Cir. 2015). The district court overruled the objections.

## III.

Ennis and Cain renew their objections to the statutory-minimum term. We review preserved challenges to sentences for abuse of discretion,

3

subject to harmless-error analysis. *Id.* at 740.

"For purposes of the Guidelines or for determining statutory minimum and maximum sentences, our cases always have limited [a] defendant's liability to the quantity of drugs with which he was directly involved or that was reasonably foreseeable to him." *Id.* at 738. "Reasonable foreseeability does not follow automatically from proof that the defendant was a member of the conspiracy," *id.* (quoting *United States v. Torres-Perez*, 777 F.3d 764, 767 (5th Cir. 2015), because "drug quantity is not a formal element of the conspiracy offense," *United States v. Aguirre-Rivera*, 8 F.4th 405, 411 (5th Cir. 2021).[3]

Thus, "for a sentencing court to attribute to a defendant a certain quantity of drugs," the court must find—or the defendant must admit— "(a) the quantity of the drugs in the entire operation and (b) the amount that the defendant knew or should have known was involved in the conspiracy." *Haines*, 803 F.3d at 740 (cleaned up). Moreover, where such a finding "increase[s] maximum or minimum sentences, other than a prior conviction, [it] must be found by a jury beyond a reasonable doubt []or admitted by the defendant." *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyene v. United States*, 570 U.S. 99, 107 (2013)). So the applicability of the mandatory minimum turns on whether Ennis or Cain admitted that he knew, or reasonably should have known, that the scope of the conspiracy involved the requisite quantity of drugs. *See id.*

The district court did not err in applying § 841(b)(1)(A)'s ten-year mandatory-minimum prison term to Ennis's sentence. Ennis "acknowl-

---

[3] "The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc).

edged that he knew or reasonably should have known that the scope of the conspiracy involved 500 grams or more of" meth. His stipulation therefore includes an admission of "the amount of drugs for which [he] could be held responsible." *Aguirre-Rivera*, 8 F.4th at 411.

Ennis responds that the parties agreed to attribute to him a lesser quantity of drugs. True, the parties did so agree and stipulate. But the drugs need not be personally attributable to Ennis for him to know or reasonably foresee the quantity involved in the conspiracy. *See Haines*, 803 F.3d at 740.[4] Section 841(b)(1)(A)'s mandatory-minimum sentence triggered once Ennis admitted his knowing that the conspiracy involved at least 500 grams of meth. Consequently, the statutory minimum applies to his sentence, irrespective of the parties' agreement.[5]

Section 841(b)(1)(A)'s mandatory minimum does not apply to Cain's sentence, though. Yes, Cain did acknowledge that "the overall scope of the conspiracy involved 500 grams or more of methamphetamine." But unlike Ennis, Cain never admitted to knowing that the conspiracy involved such a quantity of drugs. Therefore, Cain's acknowledgment speaks only to (a) the quantity involved in the *overall* conspiracy—and not to (b) the quantity that Cain *personally* knew or should have reasonably foreseen. *See Haines*, 803 F.3d at 740–42.

The remainder of Cain's stipulation fails to sustain the applicability of the statutory minimum. The parties' agreement attributes to Cain, and stip-

---

[4] Nor was the district court bound by the parties' stipulations. *See United States v. Garcia*, 902 F.2d 324, 326–27 (5th Cir. 1990).

[5] Given that the district court properly applied the statutory mandatory minimum, Ennis's other sentencing challenges must fail as well, as they would not have affected the sentence the district court imposed. *See United States v. Stanford*, 823 F.3d 814, 845 (5th Cir. 2016).

ulates, that it is reasonably foreseeable for [him] to be held accountable for, "less than 350 grams" of meth. Absent any other mention of drug quantity, Cain's stipulation does not establish his knowledge or reasonable foresight of the requisite quantity of drugs for the statutory minimum. Thus, § 841(b)(1)(A)'s ten-year mandatory minimum does not apply to Cain's sentence.

Pushing back, the government contends that the PSR contains facts establishing that Cain knew or reasonably should have known that the scope of conspiracy involved at least 500 grams of meth. But the facts in the PSR, though adopted by the court, were never affirmatively admitted by Cain. *See United States v. Huerta-Rodriguez*, 64 F.4th 270, 277–78 (5th Cir. 2023) ("[F]ailing to object to a PSR with nothing more is not a concession to the accuracy of its contents.").

The facts contained in the PSR therefore do not offer a sufficient basis for applying the ten-year mandatory minimum to Cain. We therefore vacate his sentence and remand for resentencing.

*        *        *        *        *

Ennis's sentence is AFFIRMED. Cain's sentence is VACATED and REMANDED for resentencing.