# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2024

Lyle W. Cayce
Clerk

No. 23-40560

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ESTEBAN LUNA CAUDILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1075-1

Before KING, STEWART, and HIGGINSON, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

Esteban Luna Caudillo appeals from a guilty-plea conviction and sentence of 135 months of imprisonment and ten years of supervised release, along with restitution totaling $73,000, for receipt of child pornography. On appeal, Luna Caudillo contends that all eleven restitution awards should be vacated because they violated his Sixth Amendment right to a jury trial, or, in the alternative, that the mandatory-minimum restitution award of $3,000 should be vacated. Finding no reversible error, we AFFIRM.

No. 23-40560

## I.

In December 2022, Luna Caudillo pleaded guilty, pursuant to a plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1). As part of the plea agreement, Luna Caudillo agreed to "pay full restitution to the victim(s) regardless of the count(s) of conviction" and confirmed his understanding that "the [c]ourt will determine the amount of full restitution to compensate all victim(s)."

At rearraignment, the Government presented a factual basis in support of Luna Caudillo's guilty plea, in which it detailed that from approximately May 10, 2019, to May 18, 2022, he received "material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer." Additionally, it explained that on October 8, 2021, federal law enforcement agents received a tip regarding an online-based cloud storage account that contained videos and images of child pornography and identified the email address associated with that account as belonging to Luna Caudillo. He subsequently admitted to receiving the pornographic images and consented to a search of his cell phone which uncovered numerous files of child pornography.

The presentence investigation report ("PSR") calculated a guidelines range of imprisonment of 210 to 262 months based on a total offense level of 35 and a criminal history category of III. Pursuant to 18 U.S.C. § 2259(b)(2)(A) and (b)(2)(B),[1] the PSR also calculated restitution awards of varying amounts to eleven victims. In addition, victim-impact statements and corresponding requests for restitution were attached to the PSR.

---

[1] *See* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, § 3, 132 Stat. 4383, 4384.

No. 23-40560

Luna Caudillo filed written objections to the PSR, including challenges to the restitution calculations.  He argued, inter alia, that "[a]lthough the probation officer has aggregated the data regarding the possession of these images and the requests by the victims, there is no meaningful analysis of the *Paroline*[2] factors provided in the PSR."  Luna Caudillo emphasized the lack of "any verifiable expense reports" and "verifiable information . . . that substantiates the speculative 'cost of future treatment' and the amounts of 'lost past and future earnings.'"  Luna Caudillo contended that "there is no basis to apportion an amount of restitution to the[] individuals" who have "viewed the victims' images," as opposed to the actors "who perpetuated the sexual abuse of those minors and benefitted from it financially," "other than what is mandated by statute."

At the sentencing hearing, the district court considered Luna Caudillo's objections to the PSR and determined that the guidelines range of imprisonment was 121 to 151 months based on an amended total offense level of 30 and a criminal history category of III.  Luna Caudillo reiterated his objections to the restitution recommendations, arguing in part that the estimates for items such as future medical costs were "not verifiable" and "conclusory in nature" and asserting that *Paroline* required a district-court determination as to whether Luna Caudillo was the "proximate cause of [each] victim's losses."  The Government stated that it was asking for the awards requested by certain victims and "the $3,000 mandatory restitution" for the victims who had not submitted a specific monetary request.

The district court sentenced Luna Caudillo to 135 months of imprisonment and ten years of supervised release.  It also ordered him to pay restitution, totaling $73,000, to the eleven victims, including $3,000 to "the

---

[2] *Paroline v. United States*, 572 U.S. 434 (2014).

Tara series victim" ("Tara").  The district court explained that it had considered all of the information and filings related to the restitution requests, found that Luna Caudillo "was a proximate cause of damages to these victims," and noted its consideration of the *Paroline* factors.  Luna Caudillo filed a timely notice of appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i), (b)(2).

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  The Government and Luna Caudillo agree that review of the restitution order's legality is de novo.  *See United States v. Sepulveda*, 64 F.4th 700, 712 (5th Cir. 2023).

## III.

Luna Caudillo argues that this court should vacate the eleven restitution awards because they were based on judge-found facts in violation of his Sixth Amendment right to a jury trial.  As Luna Caudillo correctly concedes, this issue is foreclosed by circuit precedent.  *See United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012) (per curiam); *United States v. Rosbottom*, 763 F.3d 408, 419-20 (5th Cir. 2014); *United States v. Petras*, 879 F.3d 155, 169 (5th Cir. 2018).

## IV.

In the alternative, Luna Caudillo contends that the mandatory-minimum restitution award of $3,000 for the victim Tara should be vacated in light of *Alleyne v. United States*, 570 U.S. 99 (2013).  He argues that the mandatory-minimum award violated his Sixth Amendment right to a jury trial because "[a]ny fact that, by law, increases the penalty for a crime . . . must be submitted to the jury and proved beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103.  Luna Caudillo maintains that our court has

4

not addressed whether *Alleyne* controls when a statutory mandatory-minimum restitution award applies and the district court awards that amount. He further contends that this error was not harmless "as there is no evidence that the district court would have ordered . . . Luna Caudillo to pay $3,000 in restitution, rather than a lesser amount, had it not been mandated by 18 U.S.C. § 2259(b)(2)(B)."

The Government responds by asserting that Luna Caudillo's argument is inconsistent with our case law rejecting Sixth Amendment challenges to restitution awards, and by pointing to the plain language in Luna Caudillo's plea agreement acceding to judge-determined restitution.

As an initial matter, we agree with Luna Caudillo that our case law does not foreclose his argument. First, some background. In *Apprendi v. New Jersey*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Court extended *Apprendi* to the imposition of criminal fines in *Southern Union Co. v. United States*, 567 U.S. 343, 360 (2012). And in *Alleyne*, the Court further extended *Apprendi* to any fact that increases a defendant's mandatory-minimum sentence, even though *Apprendi* itself did not explicitly address mandatory minimums. 570 U.S. at 108; *see United States v. Aguirre-Rivera*, 8 F.4th 405, 411 (5th Cir. 2021) ("The Supreme Court has held that factual determinations that increase maximum or minimum sentences, other than a prior conviction, must be found by a jury beyond a reasonable doubt." (internal quotation marks and citation omitted)).

Our court has already addressed the inapplicability of *Apprendi* to non-mandatory-minimum restitution orders. In *United States v. Read*, a case involving a challenge to a restitution award under the Mandatory Victims

Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, we held that the requirements of *Apprendi* do not apply to restitution awarded under the MVRA. 710 F.3d at 231. In *United States v. Rosbottom*, we affirmed the reasoning of *Read* that *Apprendi* is inapplicable to restitution orders under the MVRA "because no statutory maximum applies to restitution," 763 F.3d at 419-20 (quoting *Read*, 710 F.3d at 231); instead, "the restitution amount is equal to the victims' loss," *Read*, 710 F.3d at 231. And in *United States v. Petras*, a case involving a discretionary restitution award under 18 U.S.C. § 3663(a)(1)(A), we stressed "that the Sixth Amendment jury right does not apply to restitution awards." 879 F.3d at 169; *cf. United States v. Elliott*, 600 F. App'x 225, 227 (5th Cir. 2015) (per curiam) (recognizing "that there is some tension between statements of the Supreme Court in [*Southern Union Co.*] and our court's conclusion that the Sixth Amendment does not require a jury to find the amount of restitution").

So, it is settled in this circuit that *Apprendi*'s requirements do not apply to non-mandatory-minimum restitution awards under 18 U.S.C. §§ 3663A and 3663(a)(1)(A). But we have not yet addressed whether *Alleyne*'s rule—that "[a]ny fact that, by law, increases the penalty for a crime . . . must be submitted to the jury and proved beyond a reasonable doubt," 570 U.S. at 103—applies where, as here, the district court awards a statutory mandatory-minimum restitution award, *see* 18 U.S.C. § 2259(b)(2)(B) (directing that courts "shall order restitution in an amount . . . no less than $3,000"). Thus, *Read*, *Rosbottom*, and *Petras* do not govern whether factual determinations that increase the statutory *minimum* amount of restitution must be admitted by a defendant or found beyond a reasonable doubt, because §§ 3663A and 3663(a)(1)(A)—unlike § 2259(b)(2)(B)—contain no statutory minimum. *See Ochoa-Salgado v. Garland*, 5 F.4th 615, 619 (5th Cir. 2021) ("[T]he rule of orderliness applies

where (1) a party raises an issue and (2) a panel gives that issue reasoned consideration." (emphasis omitted)).

Although we recognize this is an open question, it's one that will have to be answered another day. Here, Luna Caudillo explicitly waived any Sixth Amendment challenge to the district court's restitution award in his plea agreement by agreeing that "*the [c]ourt will determine* the amount of full restitution to compensate all victim(s)."[3] *See United States v. Olano*, 507 U.S. 725, 733 (1993) (explaining that valid waiver "is not 'error'"). That "knowing and voluntary" waiver is dispositive. *United States v. Alfred*, 60 F.4th 979, 982 (5th Cir.), *cert. denied*, 144 S. Ct. 145 (2023).

\* \* \*

Accordingly, we AFFIRM the district court's judgment.

---

[3] We note, too, that Luna Caudillo did not attempt to withdraw his guilty plea or request an evidentiary hearing under Federal Rule of Criminal Procedure 32 at sentencing when the district court imposed restitution. *See* Fed. R. Crim. P. 32(i)(2).