# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 25-30460
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NORELL WASHINGTON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-115-12

———————————————————————

Before CLEMENT, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Norell Washington appeals his guilty plea conviction and 120-month sentence for conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A)(viii) and 21 U.S.C. § 846. Washington contends that there was an insufficient factual basis for his guilty plea, that his plea was not knowing

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and voluntary, that his counsel was ineffective, and that his sentence was procedurally flawed and substantively unreasonable. The throughline connecting these arguments is Washington's assertion that the record does not support holding him accountable for fifty grams or more of methamphetamine.

To begin, Washington argues that the district court accepted his guilty plea in violation of Federal Rule of Criminal Procedure 11(b). Because Washington did not object in the district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 62–63 (2002).

Washington contends that the factual basis for his plea was insufficient because it established that he was personally involved in the distribution of only one ounce (or 28.35 grams) of methamphetamine, not the fifty grams of pure methamphetamine required to trigger 21 U.S.C. § 841(b)(1)(viii)'s mandatory minimum sentence of ten years of imprisonment. Even so, that fact would not support a Rule 11 challenge to the factual basis of his plea. "Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted). Thus, the factual basis must be "sufficiently specific" for the district court to determine that "the conduct admitted by the defendant" satisfies "the elements of the offense charged." *Id.*

Drug quantity "is not a formal element" of a drug conspiracy offense under 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Daniels*, 723 F.3d 562, 573 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013). Rather, "[t]he essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United*

No. 25-30460

*States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). Although drug quantity impacts "the provision of § 841(b) under which defendants may be sentenced," it is not an element of a drug conspiracy conviction. *Daniels*, 723 F.3d at 572; *accord United States v. Aguirre-Rivera*, 8 F.4th 405, 410–11 (5th Cir. 2021). Thus, because Washington does not challenge the factual basis for the elements necessary to prove the conspiracy offense, he fails to show plain error. *See Trejo*, 610 F.3d at 313.

Washington also argues that his guilty plea was not knowing and voluntary because he was not aware he was pleading guilty to an offense with a ten-year statutory minimum term of imprisonment. This argument is belied by the record: Washington repeatedly confirmed his understanding that he was pleading guilty to a conspiracy involving fifty grams or more of methamphetamine and that this offense carries a statutory minimum sentence of ten years of imprisonment. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *see also United States v. King*, 979 F.3d 1075, 1079–80 (5th Cir. 2020) (finding no error in a similar plea colloquy where the defendant acknowledged that he understood the statutory sentencing range).

Washington's final challenge to his plea colloquy—that the magistrate judge did not formally elicit his guilty plea—is similarly unsupported by the record. At the sentencing hearing, the district judge began by stating that filings by Washington's lawyer indicated that he was "going to enter a guilty plea, change [his] plea and enter a guilty plea." The judge asked, "is that correct," and Washington answered, "Yes, sir." Further into the colloquy, after confirming that Washington's plea was knowing, voluntary, and supported by a factual basis, the district judge asked, "are you pleading guilty to the conspiracy count in count one because you are, in fact, guilty of that offense?" Washington again replied, "Yes, sir." At the end of the hearing,

the district judge asked if Washington had "any questions or concerns." Washington answered, "No, sir."

We are satisfied that the district court's colloquy formally elicited Washington's plea and conformed to the requirements of Rule 11. *See King*, 979 F.3d at 1079 ("Rule 11 does not require the judge to use talismanic phrases or engage in rote recitation."). Moreover, even if the district court did err, Washington has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Moving on from Washington's challenges to his guilty plea, Washington next argues for the first time on appeal that his trial counsel was ineffective at the plea hearing and at sentencing. "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Valuck*, 286 F.3d 221, 229 (5th Cir. 2002). This is not one of the "rare cases" where the record would allow us "to fairly evaluate the merits of the claim" for the first time on appeal. *United States v. Delagarza-Villarreal*, 141 F.3d 133, 141 (5th Cir. 1997) (cleaned up). Accordingly, we decline to consider this claim without prejudice to Washington's ability to raise it on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Washington also asserts that the district court plainly erred when calculating his sentence because it applied the ten-year minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii) without a proper evidentiary basis that Washington personally distributed fifty grams or more of pure methamphetamine. "Because he failed to object to the imposition of this mandatory minimum sentence in the district court, we review for plain error." *United States v. Suarez*, 879 F.3d 626, 635 (5th Cir. 2018). When a statutory minimum sentence is based on drug quantity, a defendant's liability

is limited "to the quantity of drugs with which he was directly involved or that was reasonably foreseeable to him." *United States v. Haines*, 803 F.3d 713, 740 (5th Cir. 2015). Because Washington makes no argument that he did not know of, and could not have reasonably foreseen, the conduct of his coconspirators that he admitted in the factual basis for his plea, he shows no error, plain or otherwise.

Lastly, Washington contends for the first time that his ten-year sentence is substantively unreasonable. But the district court lacked authority to sentence him below the statutory minimum in the absence of a motion by the Government under 18 U.S.C. § 3553(e) or his qualification for the safety valve under § 3553(f). *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008). Washington does not argue that either of these circumstances applies, so he fails to show error, much less plain error. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 170–71 (2020).

AFFIRMED.