# United States Court of Appeals for the Fifth Circuit

---

No. 22-50283
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Samuel Valencia,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-299-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:

Samuel Valencia pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 235 months' imprisonment. His sentence reflected the district court's imposition of a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), which is triggered when a § 922(g) offender has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

No. 22-50283

Valencia now appeals his sentence, arguing that the ACCA enhancement violated his constitutional rights because the facts establishing that he committed his previous violent felonies on different occasions were not charged in the indictment and either admitted by him or proven to a jury beyond a reasonable doubt. Our review is *de novo*. *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006).

As both parties acknowledge, our case law forecloses this argument. *See United States v. Davis*, 487 F.3d 282, 287-88 (5th Cir. 2007); *White*, 465 F.3d at 254; *see also United States v. Eddins*, 451 F. App'x 395, 397 (5th Cir. 2011) (rejecting, as foreclosed by *White*, the proposition that ACCA's different-occasions requirement must be alleged in the indictment and either proven beyond a reasonable doubt or admitted by the defendant). This precedent notwithstanding, the parties argue that the Supreme Court's recent decision in *Wooden v. United States* instructs that the ACCA enhancement here was a constitutional error.[1] 142 S. Ct. 1063 (2022). But in *Wooden*, the Court explicitly declined to address the issue that Valencia raises. *Id.* at 1068 n.3.[2] *Wooden* is therefore "not directly on point" and thus does not "alter the binding nature" of *Davis* and *White*. *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

Valencia's sentence is AFFIRMED.

---

[1] The Government agrees with Valencia's contention that ACCA's different-occasions requirement must be charged in the indictment and either admitted by the defendant or found by a jury beyond reasonable doubt. But we are not bound by the Government's concessions, *see United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013), and, here, our rule of orderliness requires us to look past the concession.

[2] The Court explained that two amici had briefed "another question arising from ACCA's occasions clause: whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." 142 S. Ct. at 1068 n.3. The Court did "not address that issue because [the petitioner] did not raise it." *Id.*