# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10574
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lakeith Lynn Washington,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-184-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

A superseding indictment charged Lakeith Lynn Washington with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 1"), and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) ("Count 2"). Washington pleaded guilty to both counts without a plea agreement. The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Presentence Report ("PSR") applied the Armed Career Criminal Act's ("ACCA") sentence enhancement to Count 1 due to Washington's three prior state-law convictions for burglaries (committed months or years apart). As a result, the statutory minimum sentence was fifteen years of imprisonment. *See* 18 U.S.C. § 924(e). The district court adopted the PSR and sentenced Washington to fifteen years for Count 1 and a concurrent term of 30 months for Count 2. On appeal, Washington challenges the constitutionality of § 922(g)(1) and the application of the ACCA sentence enhancement. We address each argument in turn.[1]

We begin with Washington's contention that § 922(g)(1) violates the Commerce Clause and the Second Amendment. Because he failed to raise these constitutional arguments in the district court, we review for plain error. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). Accordingly, Washington must demonstrate that the district court's application of this statute contained an (1) error, (2) that was clear or obvious, and (3) affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to correct that error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation and alteration omitted). Washington has failed to make this showing as to either of his constitutional challenges.

First, Washington urges that in enacting § 922(g)(1), Congress exceeded its authority under the Commerce Clause. However, he concedes—and we agree—that this argument is foreclosed by Fifth Circuit precedent. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Second, Washington contends that while this court has previously rejected

---

[1] Washington does not contest the guilty plea or sentence as to Count 2, so we do not address it.

Second Amendment challenges to § 922(g)(1), *see, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003), an intervening Supreme Court decision draws this precedent into question, *see N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2125–30 (2022). To be sure, we recently relied on *Bruen* in invalidating a similar provision pertaining to persons subject to domestic violence restraining orders. *See United States v. Rahimi*, 61 F.4th 443, 452, 461 (5th Cir.), *cert. granted,* No. 22-915, 2023 WL 4278450 (June 30, 2023) (addressing 18 U.S.C. § 922(g)(8)). However, we have yet to address the constitutionality of § 922(g)(1)—and, in fact, *Rahimi* suggests that *Bruen*'s logic may not extend to this provision. *See id.* at 451–52 (noting that *Bruen* refers to "law-abiding" citizens in discussing the Second Amendment's scope). Accordingly, given this lack of binding authority, we conclude that Washington did not establish plain error. *See United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir.), *cert. denied*, 143 S. Ct. 282 (2022).

Finally, Washington argues that the district court's application of the ACCA mandatory minimum sentence violated his Fifth and Sixth Amendment rights. Per Washington, whether his three convictions occurred on "occasions different from one another," *see* 18 U.S.C. § 924(e)(1), constituted a non-elemental fact that must have been alleged in the indictment or found by a jury. *See Wooden v. United States*, 142 S. Ct. 1063, 1070–71 (2022) (addressing whether ten burglaries on the same day in the same facility constituted "different occasions" under § 924(e)(1)). The Government agrees with this point in its brief, but it argues that any error was harmless. However, we need not address the harmless error argument, because we recently affirmed that *Wooden* does not invalidate our precedent authorizing the sentencing judge to conduct § 924(e)(1)'s "different

No. 22-10574

occasions" inquiry. *See United States v. Valencia*, 66 F.4th 1032, 1032–33 (5th Cir. 2023) (per curiam). Accordingly, this argument also fails.[2]

AFFIRMED.

_____

[2] Washington also concedes that this court's precedent forecloses his argument that Texas burglary is not a violent felony for purposes of the ACCA enhancement. *See United States v. Herrold*, 941 F.3d 173, 175–77, 182 (5th Cir. 2019) (en banc). Thus, we do not address it.