# United States Court of Appeals for the Fifth Circuit

No. 23-60594

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Betty Butler,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CR-62-1

Before Elrod, *Chief Judge*, and Higginbotham and Southwick, *Circuit Judges*.

Jennifer Walker Elrod, *Chief Judge*:

Appellant Betty Butler pleaded guilty to a single-count superseding indictment that charged her with unlawfully possessing a gun after being convicted of a felony, stemming from the execution of a DEA search warrant at her home. At sentencing, and under our then-existing precedent, the district court conducted a factual inquiry into Butler's prior convictions and determined that Butler had at least three convictions for prior serious drug offenses that were committed on different occasions, which enhanced

No. 23-60594

Butler's sentence to a statutory minimum of 180 months in prison under the Armed Career Criminal Act ("ACCA").

Later, the Supreme Court decided *Erlinger v. United States*, 602 U.S. 821 (2024), which held that the Fifth and Sixth Amendments require a jury—not a judge—to resolve the ACCA's "different occasions" inquiry unanimously and beyond a reasonable doubt. *Id.* at 835.

Butler now appeals her sentence and argues that it should be overturned on the grounds that *Erlinger* has overturned our prior case law and that a jury should have made the determination of whether her prior offenses occurred on different occasions. The government does not disagree that *Erlinger* requires a jury determination for the "different occasions" inquiry but argues that the lack of a jury determination in this case is harmless error and does not warrant overturning Butler's conviction. We agree with the government.

While we acknowledge that *Erlinger* vacated our prior precedent authorizing the sentencing judge to conduct the ACCA "different occasions" inquiry,[1] any rational jury would have found beyond a reasonable doubt that Butler committed her previous serious drug offenses on different occasions based on the entire record. *See United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002); *see also Neder v. United States*, 527 U.S. 1, 18–19 (1999). Therefore, we AFFIRM Butler's sentence and the district court's final judgment.

_____

[1] *See, e.g.*, *United States v. Valencia*, 66 F.4th 1032, 1032–33 (5th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2710 (2024).

2

No. 23-60594

I

A

In December 2021, a little over a year after Butler was released from post-release supervision for a previous drug offense incarceration, DEA and Homeland Security agents executed a search warrant on her home. The DEA had been investigating a potential drug trafficking organization since 2019, and during surveillance operations in late 2021, Butler's home was observed as a place used to store suspected drug currency. While executing the search warrant, federal agents recovered a firearm and a small amount of marijuana from Butler's bedroom nightstand. Butler admitted to possessing the firearm.

B

In June 2022, Butler was indicted and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government then brought a superseding indictment, alleging that Butler qualified for sentencing enhancement under § 924(e)(1), the Armed Career Criminal Act, because she had at least three previous convictions for serious drug offenses committed on different occasions from one another. Butler pleaded guilty to the superseding indictment. However, she did not admit that her prior felony convictions qualified her as an armed career criminal under § 924(e)(1).

Following her guilty plea, Butler moved for a jury determination as to whether the underlying offenses for the predicate convictions for her alleged armed career criminal status were committed on "separate occasions." Butler also filed written objections to the presentence report's conclusion that she qualified as an armed career criminal and was therefore subject to the ACCA's enhanced sentence.

No. 23-60594

At sentencing, the district court acknowledged Butler's objections to the presentence report and heard her motion for a jury determination of her armed career criminal status. Specifically, Butler argued that the Sixth Amendment required a jury finding beyond a reasonable doubt that her prior felony drug offenses occurred on separate occasions. Although the government agreed that a jury determination was appropriate, it noted that our precedent at the time did not require a jury to make such a finding.

Correctly relying upon our prevailing precedent that authorized a district court to conduct the ACCA's "different occasions" inquiry, and the *Shepard*[2] documents attached to the presentence report, the district court found that Butler had committed four serious drug offenses on different occasions from one another. In particular, the district court found that at least three of Butler's offenses occurred in different years, and it believed that any rational juror would have concluded the same given the facts. The district court adopted the entirety of the presentence report as its findings of fact and sentenced Butler to an enhanced statutory minimum sentence of 180 months in prison under the ACCA, followed by four years of supervised release. Butler timely appealed.

II

Butler now appeals her conviction on the ground that the district court's failure to allow a jury to determine the facts surrounding her prior convictions for purposes of the ACCA sentencing enhancement was a violation of her constitutional rights under *Erlinger*. *Erlinger*'s applicability to Butler's case is a question of law reviewed *de novo*. *See United States v.*

---

[2] The district court reviewed the charging documents and judgments as to the relevant convictions.

No. 23-60594

*Roussel*, 705 F.3d 184, 201 (5th Cir. 2013); *see also Matthews*, 312 F.3d at 661; *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon to possess a firearm. At the time of Butler's offense, the statutory maximum sentence for a violation of § 922(g)(1) was 10 years' imprisonment, or 120 months. *See* 18 U.S.C. § 924(a)(2) (2018 ed.).[3] Pursuant to the ACCA, a defendant convicted under § 922(g)(1) is subject to an enhanced punishment if she has three or more prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." *Id.* § 924(e)(1). Such a defendant's sentencing range is increased to a mandatory minimum of 15 years' imprisonment and a maximum of life imprisonment. *Id.*

A multi-factored inquiry must therefore be made into whether a defendant's underlying offenses for her previous predicate convictions—violent felonies or serious drug offenses—occurred on a single occasion or separate occasions for purposes of the ACCA enhancement. *See Wooden v. United States*, 595 U.S. 360, 369 (2022). Until recently, we had long held that the sentencing judge was authorized to make this factual inquiry into a defendant's past convictions. *See, e.g.*, *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); *United States v. Davis*, 487 F.3d 282, 287–88 (5th Cir. 2007).

In June 2024, the Supreme Court decided *Erlinger v. United States*, and subsequently vacated the judgments in a trio of cases, which had all re-

---

[3] In June 2022, less than three weeks after Butler was indicted, Congress passed the Bipartisan Safer Communities Act, which increased the maximum penalty for a violation of § 922(g)(1) from 10 years to 15 years' imprisonment and moved the statutory maximum provision to § 924(a)(8). *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022); *see also* 18 U.S.C. § 924(a)(8). Section 924(a)(8)'s 15-year statutory maximum would not have applied to Butler, however, because she was indicted before the statutory amendment.

affirmed our holdings in *White* and *Davis* that the sentencing judge could make the "different occasions" inquiry under the ACCA and remanded them to our court.[4] *Erlinger* held that the Fifth and Sixth Amendments require a jury—not a judge—to resolve the ACCA's "different occasions" inquiry unanimously and beyond a reasonable doubt. 602 U.S. at 835. And Butler's case falls squarely under the *Erlinger* precedent. The district court made the factual findings as to whether Butler's prior serious drug offenses occurred on different occasions, instead of a jury, as required by the Constitution. As such, we hold that *Erlinger* applies and that the district court erred in usurping the jury's role.

We must now turn to whether the district court's constitutional error requires vacatur of Butler's sentence and a remand for resentencing. The government does not disagree that Butler should have been afforded a jury determination of the "different occasions" inquiry but argues that a harmless-error analysis nonetheless applies. Butler argues that the district court's conduct constitutes plain error and falls within the limited class of constitutional errors that require automatic reversal. We agree with the government.

*Erlinger* reinforces certain constitutional guardrails afforded to a defendant subject to the sentencing enhancement under the ACCA, but the Court did not address what standard of review should apply when those guardrails are crossed. Both Chief Justice Roberts in his concurrence and Justice Kavanaugh in his dissent emphasize that most constitutional errors,

---

[4] *See Valencia*, 66 F.4th at 1032. *cert. granted, judgment vacated*, 144 S. Ct. 2710; *United States v. Washington*, No. 22-10574, 2023 WL 5275013 (5th Cir. Aug. 16, 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2711 (2024); *United States v. Kerstetter*, 82 F.4th 437 (5th Cir. 2023), *cert. granted, judgment vacated*, No. 23-7478, 2024 WL 4426463 (U.S. Oct. 7, 2024).

including violations of the Sixth Amendment, are generally subject to harmless-error review. *Erlinger*, 602 U.S. at 850 (Roberts, C.J., concurring); *id.* at 859–61 (Kavanaugh, J., dissenting) (first citing *Washington v. Recuenco*, 548 U.S. 212, 218 (2006); and then citing *Neder*, 527 U.S. at 18–19). And Justice Kavanaugh would have held that the constitutional error was harmless. *Id.* at 861 (Kavanaugh, J., dissenting). However, the Court's majority opinion was silent on this issue, and it remanded having only decided that a jury must resolve the "ACCA's occasions inquiry unanimously and beyond a reasonable doubt . . . [and] no more than that." *Id.* at 835 (majority opinion).

Errors that "infringe upon the jury's factfinding role" are generally "subject to harmless-error analysis." *Neder*, 527 U.S. at 18. This analysis is also applicable when there is a "[f]ailure to submit a sentencing factor to the jury." *Recuenco*, 548 U.S. at 222. Moreover, as the majority opinion makes clear, *Erlinger* is underpinned by the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).[5] So under *Erlinger*, Butler has essentially established *Apprendi* and *Alleyne* error, because the district court's factual finding that her serious drug offenses occurred on different occasions "had the effect of increasing *both* the maximum and minimum sentences [she] faced." *Erlinger*, 602 U.S. at 835 (emphasis in original). And we have long held that *Apprendi* errors are subject to a harmless-error analysis. *See United States v. Virgen-Moreno*, 265 F.3d 276, 297 (5th Cir. 2001); *see also United States v. Aguirre-Rivera*, 8 F.4th 405, 412 (5th Cir. 2021) (applying harmless-error review when the district

---

[5] *Erlinger*, 602 U.S. at 835 ("Really, this case is as nearly on all fours with *Apprendi* and *Alleyne* as any we might imagine.").

court relied on an incorrect mandatory minimum sentence, which was based on facts not found by a jury).

"An otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Matthews*, 312 F.3d at 665 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986)). In this context, Butler's sentence should be affirmed if, "[a]fter a careful review of the whole record . . . any rational petit jury, when presented with a proper jury instruction, would have found beyond a reasonable doubt" that her prior serious drug offenses occurred on different occasions. *Id.*

Here, the record is straightforward. The parties do not dispute that Butler was convicted of four serious drug offenses—as defined under the ACCA—before her conviction under § 922(g)(1). Moreover, the record clearly reflects that Butler's four serious drug offenses were committed on different occasions from one another.

Butler's first predicate conviction arises out of her guilty plea for working with Percy Butler on July 26, 1995, to sell cocaine to Barry Lowery. Butler's next predicate conviction is related to a separate sale of cocaine *seven months* after the July 26, 1995 sale. Butler pleaded guilty to working with Robby Vaughn on February 29, 1996, to sell cocaine to Marshand Crisler.[6] Butler's third predicate conviction is based on a May 21, 1996 violation of 21 U.S.C. § 841(a)(1), for which Butler pleaded guilty to possession of crack cocaine base with intent to distribute. Nearly a decade later, Butler's final predicate conviction is based on a May 11, 2005 violation of Mississippi law,

---

[6] While Butler's first two predicate convictions for selling cocaine were entered on the same day, April 11, 1997, the ACCA's "occasions" inquiry looks at when the underlying offenses were committed, not when the subsequent convictions were entered. *See* 18 U.S.C. § 924(e)(1).

for which Butler pleaded guilty to possessing more than a kilogram of marijuana with intent to distribute.

At sentencing, the district court relied on the presentence report and *Shepard* documents, which included judgments and indictments for the state convictions and a judgment for the federal conviction. And while Butler objected to several paragraphs of the presentence report related to her status under the ACCA, she made no objection to the factual bases of her underlying convictions.

Based on the record, which we have reviewed *de novo*, several things become clear: Butler's previous convictions span a range of months to several years between offenses; Butler's offenses involved different parties—whether co-defendants or buyers; and three out of four of Butler's convictions involved different forms of illegal substances, *i.e.*, powder cocaine, crack cocaine, and marijuana. As such, any rational jury would have found beyond a reasonable doubt that Butler's serious drug offenses occurred on different occasions. *See Wooden*, 595 U.S. at 369–70; *Matthews*, 312 F.3d at 665.

## III

In sum, we hold that the district court committed constitutional error when it failed to allow a jury to determine whether Butler's prior serious drug offenses occurred on different occasions for ACCA purposes. However, that error was harmless. Accordingly, we AFFIRM Butler's sentence and the district court's final judgment.