# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

No. 23-50131

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymond Charles, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-154-1

_____

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

In July 2022 Raymond Charles Jr. was indicted by a grand jury for unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment. He argued that, both facially and as applied to him, § 922(g)(1) violates the Second Amendment. The district court denied Charles's motion. Charles proceeded to a bench

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-50131

trial, where the district court found him guilty as charged. At sentencing the district court found that Charles was subject to an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA") because he has three or more prior convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e). Charles now appeals the district court's Second Amendment and ACCA determinations.[1] We AFFIRM.

Charles has numerous felony convictions. For example, he has one commercial burglary conviction, three residential burglary convictions, one theft of property conviction, and three separate convictions for possession of a controlled substance with intent to deliver. His criminal conduct prior to the present conviction spans nearly twenty years.

## I.

First, the district court did not err when it held that § 922(g)(1) does not violate the Second Amendment facially and as applied to Charles. This court recently held that § 922(g)(1) is facially constitutional under the Second Amendment. *See United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024). Charles's facial challenge is thus foreclosed. *Diaz* additionally forecloses Charles's as applied challenge to § 922(g)(1). *Diaz* recognized that "our country has a historical tradition of severely punishing people like [Charles] who have been convicted of theft." *Id.* at 468–69. Theft "was considered a felony at the time of the Founding" and punished by death or estate forfeiture. *Id.* at 468. Disarming Charles, who was convicted of theft

_____

[1] Charles raises and preserves his argument that § 922(g)(1) is unconstitutional as beyond Congress's power to regulate interstate and foreign commerce. This argument is foreclosed by circuit precedent. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

and sentenced to sixty months imprisonment, "fits within this tradition of serious and permanent punishment." *See id.* at 470.

Second, Charles argues that in order to apply a sentencing enhancement under the ACCA, the predicate offenses must be alleged in an indictment and proven to a jury beyond a reasonable doubt. 18 U.S.C. § 924(e)(1). While "[o]nly a jury may find facts that increase the prescribed range of penalties to which a criminal defendant is exposed," Charles lawfully waived his right to a jury trial and stipulated to a bench trial. *Erlinger v. United States*, 602 U.S. 821, 833, 144 S. Ct. 1840, 1850 (2024) (internal quotation marks and citation omitted). Because the district court permissibly served as the finder of fact, it, rather than a unanimous jury, was empowered to determine beyond a reasonable doubt that the defendant's predicate offenses "occurred on at least three separate occasions" for purposes of the ACCA. *Id.* at 838–39; *see United States v. Niver*, 689 F.2d 520, 529 (5th Cir. 1982). Nothing in *Erlinger* disrupts the longstanding and acceptable use of judicial factfinding in criminal bench trials. *See, e.g., United States v. Kopp*, 429 U.S. 121, 121, 97 S. Ct. 400, 401 (1976).

In this case, however, the district court made the requisite ACCA findings during the sentencing proceeding by a preponderance of the evidence. We conclude that even if the grand jury and the court in the bench trial should have made the relevant ACCA determination, the errors are harmless beyond a reasonable doubt. *See Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 1838 (1999). In *United States v. Butler*, this court held that *Erlinger* constitutional error is subject to harmless-error review, meaning an "otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." 122 F.4th 584, 589 (5th Cir. 2024) (quoting *United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002)). Here, "any rational grand jury would find probable cause to charge" Charles with

a sentencing enhancement under the ACCA. *See Robinson*, 367 F.3d at 288. And any factfinder at trial would view the temporally, geographically, and substantively distinct felonies committed by Charles as comprising separate occasions. *See Neder*, 527 U.S. at 18, 119 S. Ct. at 1838. There is not a shadow of a doubt that the ACCA applies because Charles committed separate predicate offenses on at least three separate occasions.

Determining whether the underlying convictions constitute separate occasions for purposes of the ACCA is a "multi-factored" inquiry. *Wooden v. United States*, 595 U.S. 360, 369, 142 S. Ct. 1063, 1070 (2022). In this case, such an approach is "straightforward and intuitive." *Id.* at 370, 142 S. Ct. at 1071. Courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id.* (quotation marks and citation omitted). Charles's offenses were committed months or years apart, at different locations, and involved different underlying conduct. Any rational factfinder would view Charles's commercial burglary in September 1999, his residential burglary in February 2000, his possession of cocaine with intent to deliver in March 2005, or his possession of marijuana with intent to deliver in February 2009 as having been committed on separate occasions. *See Butler*, 122 F.4th at 590 (finding error harmless where the defendant's four prior convictions "span[ned] a range of months to several years"; "involved different parties"; and "three out of four . . . involved different forms of illegal substances"). Thus, the fact that the district court found the offenses wholly separate under the United States Sentencing Guideline's preponderance standard rather than beyond a reasonable doubt is harmless error. The ACCA sentencing enhancement applies to Charles.

No. 23-50131

## II.

18 U.S.C. § 922(g)(1) is facially constitutional and constitutional as applied to Charles. Notwithstanding the Supreme Court's decision in *Erlinger*, the district court's application of the ACCA sentencing enhancement was proper. The judgment of the district court is accordingly AFFIRMED.