# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

_____

No. 22-50283

_____

United States of America,

           *Plaintiff—Appellee*,

*versus*

Samuel Valencia,

           *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-299-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before King, Higginson, and Willett, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

Samuel Valencia pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Valencia was sentenced to 235 months' imprisonment, reflecting the district court's imposition of a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). This sentencing enhancement is triggered when a § 922(g) offender has three prior convictions for "violent felon[ies]" or "serious drug

offense[s]" that were "committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). Valencia appealed his sentence, arguing that the ACCA enhancement violated his constitutional rights because the facts establishing that he committed his previous violent felonies on different occasions were not charged in the indictment and neither admitted by him nor proven to a jury beyond a reasonable doubt. After we affirmed Valencia's sentence, the Supreme Court vacated our judgment for further consideration in light of *Erlinger v. United States*, 602 U.S. 821 (2024), which instructs that ACCA's "different occasions" determination belongs to a jury. *See United States v. Valencia*, 66 F.4th 1032 (5th Cir. 2023) (per curiam), *judgment vacated*, 144 S. Ct. 2710 (2024). Although the district court erred in this regard, any rational juror would have found that Valencia's prior violent felonies at issue occurred on different occasions. Because the district court's error is thus harmless beyond a reasonable doubt, Valencia's sentence is AFFIRMED.

## I

### A

In October 2021, a federal grand jury indicted Valencia for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Valencia pleaded guilty. During the plea hearing, the district court told Valencia that, if it determined he had "three prior convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another" then, under ACCA, a "mandatory minimum of 15 years in prison" would apply.

The presentence report ("PSR") recommended application of the ACCA enhancement based on Valencia's four prior violent felony convictions for burglary of a habitation in violation of Texas law. According to the criminal history section of the PSR, Valencia illegally entered the

No. 22-50283

residence of: (1) Arthur Batson on July 16, 1987; (2) Steve Farmer on July 16, 1987; (3) Richard Clem on November 10, 1987; and (4) Dorothy Dunnam on February 1, 1994.

Valencia objected to the PSR's recommendation, arguing that "the first two burglaries occurred on the same day, as part of the same criminal spree[,]" and thus "cannot constitute separate offenses for purposes of ACCA." In addition, Valencia attacked the PSR's reliability, urging the district court to instead conduct its "different occasions" analysis using "*Shepard*-approved documents." And in the alternative, Valencia argued that contrary to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne v. United States*, 570 U.S. 99, 103 (2013), the facts establishing that the burglaries occurred on different occasions were not charged in the indictment and neither admitted by him nor proven to a jury beyond a reasonable doubt.

The district court applied the ACCA enhancement, sentencing Valencia to 235 months of imprisonment and 5 years of supervised release. First, the district court overruled Valencia's objection that the burglary convictions "should have been in the indictment" and then "proved beyond a reasonable doubt." Next, the district court "joined" Valencia's two July 16 convictions but then enhanced his sentence regardless, finding that the four predicate burglaries occurred on three different occasions: July 16, 1987, November 10, 1987, and February 1, 1994.[1]

B

---

[1] In its response to Valencia's objection to the PSR, the probation office agreed that "Valencia's two [July 16] burglaries did occur on the same day and could be viewed as the 'same occasion[,]'" but maintained that "this does not preclude Valencia from the ACCA enhancement as he still has three other violent felonies."

No. 22-50283

Valencia appealed his sentence, contending, once again, that "the ACCA enhancement violated his constitutional rights because the facts establishing that he committed his previous violent felonies on different occasions were not charged in the indictment and either admitted by him or proven to a jury beyond a reasonable doubt." *Valencia*, 66 F.4th at 1032 Because "our case law foreclose[d] this argument[,]" we affirmed. *Id.* (first citing *United States v. Davis*, 487 F.3d 282, 287–88 (5th Cir. 2007); then citing *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); and then citing *United States v. Eddins*, 451 F. App'x 395, 397 (5th Cir. 2011)).

The Supreme Court vacated our judgment for further consideration in light of *Erlinger v. United States*, which holds that criminal defendants are "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt . . . ." 602 U.S. at 835. On remand, we ordered supplemental briefing addressing *Erlinger* and later granted the government's unopposed motion to supplement the record with *Shepard*-approved documents. Like the PSR, the *Shepard* documents show that Valencia committed four burglaries, each against a different victim, on: (1) July 16, 1987; (2) July 16, 1987; (3) November 10, 1987; and (4) February 1, 1994.

II

A

Valencia contends, and the Government does not dispute, that in light of *Erlinger*, the district court erred by resolving the "different occasions" inquiry at sentencing rather than sending the issue to a jury.

*Erlinger* "held that the Fifth and Sixth Amendments require a jury—not a judge—to resolve the ACCA's 'different occasions' inquiry unanimously and beyond a reasonable doubt." *United States v. Butler*, 122 F.4th 584, 586 (5th Cir. 2024) (citing *Erlinger*, 602 U.S. at 835). At

4

Valencia's sentencing hearing, the district court determined that the four predicate burglaries occurred on three different occasions. By "taking that decision from a jury of Mr. [Valencia's] peers[,]" the district court committed the constitutional error identified by *Erlinger*. 602 U.S. at 835.

B

We next consider whether the district court's constitutional error requires that we vacate Valencia's sentence and remand for resentencing.

In *Butler*, we held that an *Erlinger* constitutional error receives harmless-error review. 122 F.4th at 589. Under this standard, "'[a]n otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.'" *Butler*, 122 F.4th at 589 (quoting *United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002)).

To determine whether predicate ACCA offenses occurred on different occasions, we "consider 'a range of circumstances.'" *United States v. Alkheqani*, 78 F.4th 707, 727 (5th Cir. 2023) (quoting *Wooden v. United States*, 595 U.S. 360, 369 (2022)). Salient factors "include timing (such as whether the events consisted of 'an uninterrupted course of conduct' or whether they were 'separated by substantial gaps in time or significant intervening events')[.]" *Id.* (quoting *Wooden*, 595 U.S. at 369). We also consider "'proximity of location' (with crimes taking place further apart considered less likely to be parts of the same criminal event), and the 'character and relationship of the offenses' (such as whether they are 'more similar [and] intertwined' or 'share a common scheme or purpose')." *Id.* (quoting *Wooden*, 595 U.S. at 369). Although a range of circumstances are relevant, "a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day

or more apart, or at a 'significant distance.'" *Wooden*, 595 U.S. at 370 (quoting *United States v. Rideout*, 3 F.3d 32, 34 (2d Cir. 1993)).

Based on review of the entire record, we hold that the district court's constitutional error was harmless beyond a reasonable doubt. As the *Shepard* documents confirm, nearly four months separate Valencia's joined July 16, 1987 convictions from his subsequent conviction for a burglary committed on November 10, 1987. And over six years separate that conviction from Valencia's next burglary, which he committed on February 1, 1994. Here, such lengthy gaps in time "decisively differentiate [the] occasions." *Id.*; *see also Butler*, 122 F.4th at 590 (finding harmless error where *Shepard* documents showed that the defendant's predicate convictions "span[ned] a range of months to several years between offenses"). Moreover, the *Shepard* documents show that Valencia committed each offense against a "different part[y,]" which, viewed in conjunction with the sizeable gaps in time, further demarcates the burglaries. *Butler*, 122 F.4th at 590; *see also United States v. Curry*, 125 F.4th 733, 742 (5th Cir. 2025) (holding that district court did not plainly err in applying ACCA enhancement where "court documentation shows that weeks or years separated [the defendant's] prior offenses, and he committed them against different victims"). For these reasons, any rational juror would have found beyond a reasonable doubt that Valencia's violent felonies occurred on different occasions.

Valencia's arguments to the contrary are unpersuasive. Now attacking the *Shepard* documents he previously urged attention to in the district court, Valencia contends that although "the indictments indicate the offenses occurred on different dates," they do not contain "specific addresses or locations." True, the *Shepard* documents do not exhaustively chronicle each offense. "But given the Supreme Court's observation that 'a single factor—especially of *time* or place—can decisively differentiate occasions,'" the lack of specific addresses or locations does not disturb our

holding. *Curry*, 125 F.4th at 742 (emphasis added) (quoting *Wooden*, 595 U.S. at 370). Perhaps recognizing the problem posed by lengthy gaps in time, Valencia contends that the *Shepard* documents are marred by general "reliability concerns" because the given dates "do not provide proof beyond a reasonable doubt that the offenses were committed on 'occasions different.'" However, Valencia's argument is at odds with *Butler*, where we relied on *Shepard* documents, including "judgments and indictments for [] state convictions" showing "a range of months to several years between offenses[,]" to hold that the district court's *Erlinger* error was harmless. 122 F.4th at 590; *see also United States v. Campbell*, 122 F.4th 624, 632–33 (6th Cir. 2024) ("*Erlinger* did not preclude the use of *Shepard* documents in reviewing an error for harmlessness."). So too here.

\* \* \*

In sum, the district court committed constitutional error by failing to allow a jury to determine whether Valencia's prior violent felonies occurred on different occasions for the purposes of an ACCA enhancement. However, the district court's error was harmless because any rational juror would have found beyond a reasonable doubt that the three felonies at issue occurred on different occasions. Accordingly, we AFFIRM Valencia's sentence and the district court's final judgment.