IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

ROBERT WILLIAM BLACKWELL, *Respondent*.

No. 1 CA-SA 25-0316

FILED 05-20-2026

Petition for Special Action from the Superior Court in Maricopa County
No. CR2023-006734-001
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Petitioner*

The Law Office of Kyle T. Green P.L.L.C., Mesa
By Kyle T. Green
*Counsel for Respondent*

---

## OPINION

Acting Presiding Judge Michael J. Brown delivered the opinion of the Court, in which Judge Andrew J. Becke and Chief Judge Randall M. Howe joined.

---

**B R O W N**, Judge:

**¶1**     When the State alleges that certain convictions qualify as "historical prior felony convictions," resolving that allegation may turn on whether the offenses underlying a defendant's prior convictions were committed on the "same occasion" and thus qualify as only a single conviction. *See* A.R.S. § 13-703(L). In this special action, the State asks us to declare that a judge, instead of a jury, can make that decision.

**¶2**     As explained more fully below, a defendant facing a potential enhanced sentence has the constitutional right to a jury determination on prior convictions for any factual determination that falls outside a narrow exception the United States Supreme Court has adopted. Thus, if the State seeks to prove that certain offenses were not committed on the same occasion and relies on evidence that goes beyond the mere existence of the prior convictions, the State must prove its case to a jury beyond a reasonable doubt. We therefore accept jurisdiction but deny relief.

### BACKGROUND

**¶3**     Before Robert Blackwell's 2024 trial on two counts of aggravated driving under the influence, the State filed an allegation of 11 historical felony convictions. *See* A.R.S. § 13-703 (outlining requirements for sentencing repetitive offenders). Four offenses underlying those convictions were committed in 1980, one in 1996, and two each in 1997, 2004, and 2017.

**¶4**     A jury found Blackwell guilty as charged and, given that he had absconded, the superior court issued a bench warrant for his arrest. After Blackwell was apprehended, the court set a jury trial to determine the effect of Blackwell's prior convictions on sentencing. The State moved to vacate the jury trial, asserting that despite *Erlinger v. United States*, 602 U.S. 821 (2024), and *State v. Porter*, 258 Ariz. 590 (App. 2024), *depublished in part by* 259 Ariz. 467 (2025), judges can determine the number of historical prior

felony convictions a defendant has when "the calculation is based entirely on objective data gathered from conclusive judicial records."

¶5        The superior court denied the motion, explaining that under *Erlinger*, the State must proceed with a jury trial, particularly when the prior offenses were committed on different dates, at different locations, and there is uncertainty whether some offenses were continuations of others.  The court then granted the State's motions for designation of a question for special action review and to stay the sentencing proceedings pending the resolution of this special action.  *See* Ariz. R.P. Spec. Act. 13(a) (permitting courts to "designate a question arising from any decision it has made as one it believes should be reviewed by special action").  This special action followed.

## DISCUSSION

¶6        Special action jurisdiction is discretionary and is appropriately exercised when a party has no "equally plain, speedy, and adequate" remedy by appeal.  Ariz. R.P. Spec. Act. 2(b)(2).  We accept special action jurisdiction here because the issue presented (1) has been designated for review by the superior court, (2) involves a matter of first impression, (3) has statewide importance, and (4) the State has no "equally plain, speedy, or adequate" remedy by appeal.  *See* Ariz. R.P. Spec. Act. 12(a), (b)(1), (3)–(4); *see also Hamlet v. State,* ___ Ariz. ___, ___, ¶ 8, 581 P.3d 244, 248 (App. 2025); *State v. Smith*, ___ Ariz. ___, ___, ¶ 7, 585 P.3d 808, 812 (App. 2025).

### A.        "Same Occasion" Inquiry

¶7        Arizona has many categories of historical prior felony convictions, including "[a]ny felony conviction that is a third or more prior felony conviction."  A.R.S. § 13-105(22)(d).  A defendant with multiple historical prior felony convictions is subject to enhanced (longer) prison sentences depending on which sentencing category applies.  *See* A.R.S. § 13-703(A)–(C).  A "category two" repetitive offender has one historical prior felony conviction, while a "category three" repetitive offender has two or more historical prior felony convictions.  A.R.S. § 13-703(B)–(C).

¶8        In deciding whether a defendant is a category two or three repetitive offender, convictions for multiple offenses committed on the "same occasion" count as a single conviction.  A.R.S. § 13-703(L).  "Same occasion" is not defined by statute, but as explained by our supreme court, the same-occasion inquiry includes analysis of the following factors:

> [W]hen different crimes, *even though unrelated in nature,* are committed at the same place, on the same victim or group of victims, and at the same time or as part of a continuous series of criminal acts, they should be considered as having been committed on the "same occasion" for purposes of sentence enhancement.

*State v. Kelly*, 190 Ariz. 532, 534, ¶ 6 (1997) (quoting *State v. Henry*, 152 Ariz. 608, 612 (1987)). Whether multiple offenses were committed on the same occasion is not governed by an "all-encompassing test," *State v. Sheppard*, 179 Ariz. 83, 84 (1994), and "[t]he determination necessarily must turn on the specific facts of each case," *Kelly*, 190 Ariz. at 535, ¶ 9. In construing federal law, federal courts apply similar factors. *See Wooden v. United States*, 595 U.S. 360, 369 (2022) (noting that timing, proximity of location, and the character and relationship of the offenses must be considered when determining whether offenses were committed on the same occasion).

¶9 The State seeks to establish that Blackwell is a category three repetitive offender by proving to a judge, instead of jury, that at least three of his prior felony convictions were committed on separate occasions. Except for urging us to eliminate consideration of the *Kelly* factors as a matter of statutory construction, *see infra* ¶¶ 23–24, the State does not argue these factors are inapplicable. Instead, the State asserts that when conviction records indisputably demonstrate the separate nature of prior offenses, the court can simply make a same-occasion "numerical tally."

¶10 To address the State's position, we turn first to Supreme Court precedent, which has consistently held that in the realm of sentencing enhancement, almost all factual disputes must be resolved by a jury. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that "[o]ther than *the fact of* a prior conviction, *any fact* that increases the penalty for a crime beyond the prescribed statutory maximum *must be submitted to a jury*[] and *proved beyond a reasonable doubt.*" *Id.* at 490 (emphasis added); *see also State v. Robles*, 213 Ariz. 268, 273, ¶ 16 (App. 2006) (explaining the fact of a prior conviction can be proven by "certified conviction documents bearing the defendant's fingerprints," commitment records, or by other evidence). The Court affirmed *Apprendi* in *Erlinger*, a case "nearly on all fours with *Apprendi.*" *Erlinger*, 602 U.S. at 835.

¶11 In *Erlinger*, the defendant pled guilty to unlawful possession of a firearm under 18 U.S.C. § 922(g), a crime carrying a sentence of up to 10 years. *Id.* at 825–26. The government, however, alleged Erlinger's crime triggered the Armed Career Criminal Act (ACCA), which provides that

defendants with "three prior convictions for 'violent felon[ies]' or 'serious drug offense[s]' that were 'committed on *occasions different from one another*,' . . . face[] . . . a minimum of 15 years and a maximum of life." *Id.* at 825 (quoting 18 U.S.C. § 924(e)(1) (2012)) (emphasis added).

¶12 The government pursued a 15-year ACCA sentence using Erlinger's previous burglary convictions. *Id.* at 826. The prosecution argued that he committed several distinct burglaries on different occasions, and thus "each could serve as an ACCA predicate and collectively they could support an ACCA sentence." *Id.* at 826–27. Erlinger countered that the burglaries had occurred "during a single criminal episode," and a jury needed to make the same-occasion inquiry. *Id.* at 827.

¶13 The district court rejected Erlinger's jury request and the Seventh Circuit affirmed, rejecting his argument that a jury was required "to decide unanimously and beyond a reasonable doubt" whether his prior offenses were committed on the same occasion. *Id.* at 827–28. The Supreme Court reversed.

¶14 Noting that "within a span of days Mr. Erlinger burglarized a pizza shop, a sporting goods store, and two restaurants," *id.* at 826, the Court explained in part:

> While recognizing Mr. Erlinger was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, we decide no more than that. For purposes of the proceedings before us, the parties take as given that Mr. Erlinger committed four burglaries and that each qualifies as a "violent offense" under ACCA. But they disagree vigorously about whether those burglaries took place on at least three different occasions (so that ACCA's enhanced sentences would apply) or during a single criminal episode (so that they would not). Presented with evidence about the times, locations, purpose, and character of those crimes, a jury might have concluded that some or all occurred on different occasions. Or it might not have done so. All we can say for certain is that the sentencing court erred in taking that decision from a jury.

*Id.* at 835.

¶15          The Court reiterated that whether prior offenses occurred on the same occasion goes beyond the *Apprendi* prior conviction exception because a court must "do more than identify . . . previous convictions and the legal elements required to sustain them." *Id.* at 838. "[T]he Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his exposure to punishment," *id.* at 828, and "arguments [for] efficiency cannot alter the demands of the Fifth and Sixth Amendments," *id.* at 847.

¶16          After *Erlinger*, this court addressed a similar issue in *Porter*, where the superior court held a bench trial to determine the effect of Porter's historical prior felony convictions on sentencing. *See Porter*, 258 Ariz. at 592, ¶ 3. A probation officer testified that Porter "had been convicted of two separate armed robberies in 2015 that were tried and sentenced under the same case number," and the State presented a sentencing minute entry showing that Porter committed the armed robberies on August 22, 2015 and September 1, 2015. *Id.* Porter testified that he had only one prior conviction but presented no other evidence. *Id.* at ¶ 4. The superior court determined the State proved Porter had two historical prior felony convictions, sentencing him to a presumptive term of 15.75 years imprisonment and another 3 years for his probation violation. *Id.* at ¶ 5.

¶17          On appeal, this court concluded fundamental error occurred when Porter's historical prior felony conviction sentencing issue was not presented to a jury. *Id.* at 593, ¶¶ 9–10. As we explained, "[b]ecause the outcome of the 'same occasion' determination could enhance a defendant's sentence, and falls outside the *Apprendi* exception for 'the fact of a prior conviction,' the issue should have been submitted to a jury." *Id.* at ¶ 10 (quoting *Apprendi*, 530 U.S. at 490). Porter, however, failed to show the error was prejudicial. *Id.*

¶18          The State argues *Erlinger* did not erase the *Apprendi* prior conviction exception. *See Apprendi*, 530 U.S. at 490. We agree; however, the State fails to acknowledge that under the prior conviction exception, a judge may "do *no more*, consistent with the Sixth Amendment, *than determine what crime, with what elements, the defendant was convicted of*," *Mathis v. United States*, 579 U.S. 500, 511–12 (2016) (emphasis added). Whether certain historical prior felony convictions committed by Blackwell occurred on the same occasion necessarily goes beyond determining what crimes he committed and the elements of each crime.

¶19 Even so, the State contends that the circumstances here differ from those in *Erlinger* because no "reasonable dispute" exists that Blackwell's prior offenses occurred on separate occasions, and thus no reasonable trier of fact could find against the State. But *Erlinger* confirms that we cannot rule in the State's favor simply because the prosecution may have an unassailable position that Blackwell's crimes were not committed on the same occasion:

> Often, a defendant's past offenses will be different enough and separated by enough time and space that there is little question he committed them on separate occasions. But none of that means a judge rather than a jury should make the call. *There is no efficiency exception to the Fifth and Sixth Amendments.* In a free society respectful of the individual, a criminal defendant enjoys the right to hold the government to the burden of proving its case beyond a reasonable doubt to a unanimous jury of his "peers regardless of how overwhelmin[g]" the evidence may seem to a judge.

602 U.S. at 842 (emphasis added) (quoting *Rose v. Clark*, 478 U.S. 570, 578 (1986)). Accordingly, the State cannot circumvent a defendant's right to have a jury determine whether a defendant's prior convictions were committed on the same occasion. *See Porter*, 258 Ariz. at 593, ¶¶ 10, 14 (concluding the superior court erred by not requiring a jury to determine whether armed robberies that occurred 10 days apart took place on the same occasion).

¶20 The State suggests that because this court determined the defendant in *Porter* was not prejudiced by the absence of a jury trial, Blackwell cannot show prejudice given that his offenses span much longer timelines than those at issue in *Porter*. *See id*. at 592, ¶ 2. But the *Porter* court held that remanding for a jury trial was unnecessary because the defendant failed to meet his burden on direct appeal of showing he was prejudiced. *Id.* at 593, ¶ 14. That analysis is significantly different from the sole issue presented in this special action—whether a jury must determine whether the offenses relating to Blackwell's prior convictions were committed on the same occasion. Because resolving that issue necessarily involves more than just proving the fact of a prior conviction, the State's reliance on the lack of prejudice finding in *Porter* is misplaced. *See id.* We decline to create an efficiency exception to *Erlinger*'s jury trial requirement that prejudges the strength of the State's case because doing so would deprive Blackwell of his constitutional rights.

¶21 We also note the significance of requiring that the same-occasion inquiry be decided by a jury, which requires proof beyond a reasonable doubt of each element of the crime at issue, including facts that may increase a defendant's potential punishment. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."). As *Erlinger* recognized, if the fact of a prior conviction is presented for consideration by a judge, the government must prove that issue by a preponderance of the evidence. 602 U.S. at 834–35. Under Arizona law, if presented to a judge, the State must prove the "fact" of a prior conviction by clear and convincing evidence. *See State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004). When the issues presented go beyond that, such as the situation here, the State must prove its allegations beyond a reasonable doubt to a jury. *See Erlinger*, 602 U.S. at 840 (noting that the Fifth and Sixth Amendments guarantee that a jury, not a sentencing court, must determine the same-occasion inquiry unanimously and beyond a reasonable doubt).

¶22 The principle confirmed by *Erlinger*, and which we apply here, is followed by courts in other jurisdictions. *See, e.g.*, *People v. Gregg*, 576 P.3d 725, 731, ¶ 25 (Colo. 2025) (holding that "a jury should . . . determine whether the defendant's prior offenses were based on charges arising out of separate and distinct criminal episodes"); *United States v. Thomas*, 142 F.4th 412, 417 (6th Cir. 2025) (noting the government's concession that *Erlinger* error occurred because a jury did not determine whether prior offenses were committed on different occasions); *United States v. Butler*, 122 F.4th 584, 590 (5th Cir. 2024) (concluding the court erred by failing to submit the same-occasion inquiry to a jury when a defendant's prior crimes spanned several years, but the error was harmless); *United States v. Beasley*, 163 F.4th 403, 409–11 (7th Cir. 2025) (finding the trial court erred by imposing a sentencing enhancement based on factual findings that were not submitted to a jury, although the error was harmless). Thus, we are not persuaded by the State's argument that "empirical data" in the judicial record forces Blackwell to forfeit the right to have a jury determine the same-occasion inquiry.

### B. *Kelly* Factors Test

¶23 The State contends the superior court can "permissibly calculate the numerical tally" of Blackwell's historical prior felony convictions to support a category three sentence based only on "objective data collected from conclusive judicial records, without considering the [*Kelly*] factors test." *See Kelly*, 190 Ariz. at 534, ¶ 6 (listing factors relevant

for determining the same-occasion inquiry). The State therefore asks us to apply only statutory construction to determine whether Arizona law allows the same-occasion analysis to be resolved without that test.

¶24 In essence, the State requests that we disregard *Kelly*. Even if we believed that departing from those factors would be appropriate, we are bound by precedent. *See State v. Smyers*, 207 Ariz. 314, 318, ¶ 15 n.4 (2004) (explaining that "[t]he courts of this state are bound by" the supreme court's decisions and have no "authority to modify or disregard" precedent).

¶25 We recognize that it may seem unreasonable to require a jury to decide these questions even when the evidence may overwhelmingly favor the State. But precedent requires a jury trial unless the only question before the court is the "fact" of the defendant's prior convictions. At the guilt phase, the State has the burden to prove beyond a reasonable doubt that the defendant committed the alleged crimes despite the certainty of the evidence. Likewise, at the penalty phase, the State must prove beyond a reasonable doubt any fact that increases a defendant's exposure to punishment, *see Erlinger*, 602 U.S. at 828, regardless of inefficiencies. Here, a jury must consider the facts surrounding Blackwell's prior crimes to properly perform the same-occasion inquiry under *Kelly*.

## C. Guilty Pleas

¶26 The State further contends that Blackwell's prior guilty pleas are concessions that his prior offenses occurred on different occasions. The State essentially asks us to conclude that a guilty plea in an earlier judicial proceeding waives a defendant's constitutional rights in subsequent cases for which the defendant may be tried, convicted, and sentenced. But the State fails to cite meaningful authority supporting its contention and does not address *Porter*'s analysis. Like this case, the defendant in *Porter* pled guilty to two prior armed robberies, and this court concluded the superior court erred by not allowing a jury to determine the same-occasion inquiry. 258 Ariz. at 592–93, ¶¶ 3, 10. A guilty plea in a prior proceeding is not a concession that the convictions resulting from the guilty plea in an unrelated subsequent case occurred on separate occasions.

**CONCLUSION**

**¶27** Because the State has not shown the superior court erred in setting a jury trial to determine whether the offenses underlying Blackwell's prior felony convictions were committed on the same occasion, we deny the State's petition for special action.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR